STATE *vs.* INHABITANTS OF OXFORD.

Oxford, January, 1876.—March 15, 1876.

*Indictment. Way.*

When a fine is imposed upon a town convicted under an indictment for a defective way, a notice of such fine from the clerk to the assessors is not defective merely from an omission to state the term at which such fine was imposed.

The statute provision that such fine shall forthwith be certified by the clerk to the assessors is directory, and an omission to comply therewith is not fatal to all prior proceedings.

When such fine is imposed upon condition to be complied with at a future time, it is sufficient to notify the assessors "forthwith" after the fine has become absolute by the failure of the town to comply with the condition.

A highway in two counties located by the commissioners of both counties acting jointly, cannot be discontinued in whole or in part by one of said boards acting separately.

ON EXCEPTIONS.

INDICTMENT for a defective way.

*J. J. Perry,* for the defendants.

*G. D. Bisbee,* county attorney, for the state.

DANFORTH, J.   It appears that at the December term, 1870, of this court for Oxford county an indictment was found against the town of Oxford for a defective way and at the September term, 1871, a verdict of guilty was rendered; whereupon exceptions were allowed, and overruled August 14, 1872. Nothing further appears to have been done until the March term, 1873, when this entry was made upon the docket, "Fine of two thousand dollars imposed; unless the road is repaired or discontinued before next term an agent to be appointed outside of Oxford." A certificate

of this entry was sent to the assessors of the respondent town. At the next following term, the presiding justice having been of counsel, no action was had other than a continuance of the case to the December term, 1873, when an agent was appointed. December 27, 1873, a notice of the fine and of the appointment of an agent was served upon one of the assessors of said town. At the September term, 1874, the court ordered the fine to be paid to the agent on or before the first day of December then next. A notice of which order was duly served upon the assessors September 26, 1874. At the March term, 1875, more than four months having elapsed since the assessors had notice of the fine and they having failed to assess the amount or to comply with the order of court, upon motion of the attorney for the state, the presiding justice directed a warrant for the collection of the fine to issue. To this direction exceptions are taken.

It may be conceded as claimed by counsel that all the preliminaries prescribed by the statute to lay the foundation for the warrant must be complied with before it can issue. In this respect several alleged defects are relied upon.

The first objection is an alleged defect in the notice of the imposition of the fine served upon the respondents December 27, 1873. It is claimed that the notice was of a fine imposed at the December term, 1873, when in fact the fine was imposed at the previous March term, and that it was not given "forthwith" as required by the statute. The first of the objections does not seem to have a foundation in fact. It is true the notice is dated as of the December term when it was undoubtedly issued, but the language is, "a fine of two thousand dollars has been imposed" without indicating the time when it was done. No injury could result to the town from this omission, if such it were; for the time for making the assessment must date from the service of the notice and not from the time when the fine was levied. But we do not deem it an omission, as the statute nowhere requires it, nor does there seem to be any necessity for it.

The second objection to the notice is equally invalid. It is true the statute, R. S., c. 18, § 71, requires that when a fine is imposed the clerk is to certify it "forthwith" to the assessors. This pro-

vision, however, is not a condition precedent to the assessment of the amount, but is merely directory to the clerk. It is true that the notice must first be given, but it cannot be true that the legislature intended that all prior proceedings in such cases should fail merely from a temporary neglect of the clerk from which as already seen no harm could accrue to the respondents.

. But another sufficient answer to this objection is that in contemplation of law the notice was given forthwith. It was given at once, or as early as it could have been after the fine became absolute. · When first imposed it was only conditional. It must be presumed that for the benefit of the town, for no other reason appears, no agent was to be appointed and of course no fine collected, if the road should be repaired or discontinued before the then next term. Of this condition the town authorities must be presumed to have had knowledge. There was then no fine to be assessed or collected and no occasion for notice until the failure of a compliance with the condition appeared. This could not appear at the next term as that was holden by a justice who had been of counsel in the case; but at the subsequent term it did appear action was taken and notice both of the fine and an appointment of an agent forthwith given.

Another objection urged is that the agent was not legally appointed.· It is true as claimed, that he was not appointed at the same term at which the fine was imposed. It is also true that there is no law requiring it. The statute, R. S., c. 18, § 70, provides: "The court imposing them (fines) is to appoint one or more agents to superintend the collection and application of them." This was done, not perhaps at the same term but by the same court. A change of terms does not change the court, though it may, the presiding justice.

It is further claimed that before the appointment of the agent the road had been discontinued and thus one of the contingencies named in the order having been complied with, the power to appoint, ceased. If this were true in fact it might be a valid objection to anything more than a nominal fine and costs. But we find no facts upon which it can rest. The testimony relied upon is the · record of the proceedings of the commissioners for the county of

Oxford, and it is claimed that these records cannot be impeached collaterally. This is undoubtedly a sound legal proposition if that board had jurisdiction. But if otherwise their judgment is a mere nullity and must be so treated. *Small* v. *Pennell*, 31 Maine, 267.

In this case the records neither show a jurisdiction nor a want of it. They describe a way lying within the county of Oxford but they do not show that it is not a part of a way lying in two or more counties. On the other hand the case finds that the way in question is a part of a way in two counties and that it was located by the joint action of the commissioners for Oxford and Cumberland counties. Still it is claimed that in such cases after the location, the commissioners of one of the counties though which such a way runs, have jurisdiction upon a petition for the discontinuance of that part which lies within their own county. If there were no other statute provisions than those referred to by the counsel possibly his position might be sustained. It is however a familiar principle of law that nothing is to be presumed in favor of the jurisdiction of an inferior tribunal, nor are we to infer a conflict of jurisdiction unless a fair construction of the statutes requires it. Commissioners derive all their authority from the statutes and to them alone we must look for its extent and limitation.

The chapter of the Revised Statutes relating to ways provides two distinct and separate tribunals for the location, alteration and discontinuance of highways; the commissioners for each county and those of two or more counties acting jointly. It would indeed be a serious defect in the law if the jurisdiction of those two tribunals were in any respect conflicting. But no such defect exists. The duty of the former is confined to roads in their own county, and no provision of law has been pointed out which is even claimed to authorize any jurisdiction beyond this. The duty of the latter relates to ways in two or more counties and is confined to such ways. There can be no conflict between two such tribunals. But it is argued that notwithstanding this road was located by the joint action of two boards, still when so located the authority of the two boards ceased and either might legally

discontinue that part which lies within its own county. This presents the singular anomaly of giving a part of a tribunal the power to undo, immediately, that which it required the whole to establish ; which would be quite as objectionable as a conflict of jurisdiction.

A little attention to the law will show that the power to create and destroy rests in the same tribunal. R. S., c. 18, § 16, provides that "when a petition is presented respecting a way in two or more counties, the commissioners . . may call a meeting of the commissioners of the counties," &c. By § 17 of same chapter, each county must be represented by a majority of its commissioners, otherwise no action can be had except to adjourn. Thus two or more boards acting jointly have jurisdiction "respecting" this class of ways. "Respecting" must necessarily refer not only to such ways to be located, but also to such when already located. The language is unlimited in its meaning and so must be in its construction. If there could be any doubt as to this proposition, it is removed by referring to the revision of 1841, from which the provision is taken, with a change of words, to be sure, but with no evidence of any intended change of meaning. In c. 25, § 23, of that revision, the words are, "petitions for laying out, altering or discontinuing" such ways, and in § 26 it requires a majority of all the commissioners, each county being duly represented, to discontinue as well as to lay out. The inference is therefore inevitable, that over ways like the one in question the joint board has exclusive jurisdiction, not only to locate, but also to alter or discontinue.

Nor does it avail to divide the roads into such parts that one of them may lie wholly within one of the counties. That tribunal which has jurisdiction of the whole must have it of each and every part of which that whole is composed. *Jones* v. *Oxford County*, 45 Maine, 419. *Sanger* v. *Commissioners of Kennebec*, 25 Maine, 291.

The case therefore shows no reason why the warrant should not issue as ordered, and the entry must be

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.