CAREY v. WEITGENANT.

1. **Highway**: ESTABLISHMENT OF: RE-SURVEY. The re-survey of a highway, ordered under the provisions of section 964 of the Code, will not constitute the establishment of one where none had been before legally established.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, DECEMBER 13.

THE defendant is road supervisor, and is about to open as a part of a public highway a strip of land two rods wide along the west side of a certain forty acres of land belonging to the plaintiff. She brings this action to restrain him by injunction. An injunction was granted, and upon hearing a decree was entered making it perpetual. The defendant appeals.

*L. Bullis*, for appellant.

*E. E. Cooley*, for appellee.

ADAMS, J.—The correctness of the decree depends upon whether a public highway had been duly established over the land in controversy. In 1868, the board of supervisors of Winneshiek county ordered a re-survey of what was called the Decorah and Castalia road. A re-survey was accordingly made and a report, plat and field notes were filed. The road as re-surveyed embraced the land in controversy, the middle line of the road being the west line of the plaintiff's forty acres. Afterwards it was ordered by the board of supervisors that the re-survey be established in

*1. HIGHWAY:*
*establishment*
*of: re-survey.*

Carey v. Weitgenant.

accordance with the report, plat and field notes of the surveyor. This action is relied upon by the defendant as determining that the road has been duly established over the land in controversy.

Section 964 of the Code provides that "when by reason of the loss or destruction of the field notes of the original survey, or in case of defective surveys or record, or in case of such numerous alterations of any highway since the original survey that its location cannot be accurately defined by the papers on file in the proper office, the board of supervisors of the proper county may, if they deem it necessary, cause such highway to be re-surveyed, platted and recorded."

It is evident that a re-survey can be properly made only of a road which has been duly established. Its purpose is not to establish a road, but to ascertain the location of a road already established, and to make a record of the same.

In this case the appellee denies that the road of which a re-survey was attempted was ever established. If it was established it was by virtue of proceedings commenced in 1852, upon the petition of one Pierce. It appears that upon such petition one Rathburne was appointed a commissioner to view and lay out the road therein petitioned for. Rathburne, in pursuance of his commission made a survey, and, we infer from the record, made a report. There, so far as the county records, or any evidence in the case shows, the proceedings were dropped. No further action appears to have been taken. We fail to find, then, that the road in question was ever established, and it follows that there being no foundation for the re-survey the plaintiff cannot be affected by it. In our opinion the decree of the Circuit Court should be

AFFIRMED.