BLAIR v. BOESCH ET AL.

1. **Highway:** RE-SURVEY OF: OBJECT OF STATUTE. Section 964 of the Code does not authorize the board of supervisors to cause a highway to be re-surveyed, when the line of road, as originally surveyed and established, can be traced on the ground by the recorded field notes thereof.

2. ———: ———: OBJECT OF: EVIDENCE. When such re-survey was made, it was competent for the board of supervisors, in considering it, to hear parol evidence as to where the original survey was actually made, and upon being satisfied that the re-survey was upon the line as originally surveyed, to approve and confirm the re-survey. The very object of a re-survey is to ascertain the location of a road alreay established.

3. ———: ———: LIMIT OF AUTHORITY OF SUPERVISORS. The 'statute authorizing the re-survey of public roads makes no provision for a survey to establish highways acquired by the public by prescription; and it was not within the power of the board of supervisors to vary the line of road as originally surveyed, by taking evidence of adverse possession and user. BECK, J., *dissenting*.

*Appeal from Des Moines Circuit Court.*

THURSDAY, OCTOBER 19.

THIS is a proceeding in *certiorari* by which it is sought to annul the action of the board of supervisors in approving and confirming a re-survey of a public road. Upon a trial in the Circuit Court the proceedings before the board of supervisors were held to be authorized by law, and the plaintiff appeals.

*J. C. Power* and *Geo. Robertson*, for appeliant.

*Hall & Huston*, for appellee.

Rothrock, J.—I. The law under which the re-survey was made is found in section 964 of the Code, and is as follows: "When by reason of the loss or destruction of the field notes of the original survey, or in cases of defective surveys or record, or in cases of such numerous alterations of any highway since the original survey that its location cannot be accurately defined by the papers on file in the proper office, the board of supervisors of the proper county may, if they deem it necessary, cause such highway to be re-surveyed, platted and recorded as hereinafter provided." The question to be determined, is, whether the re-survey complained of was authorized by this section of the statute. The facts as they appear in the record are, that a public road was established in the year 1856, and the survey and field notes thereof were filed and recorded. By these field notes it appears that the initial point of the road was at the south-east corner of the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 20, township 72, range 2 west, and the calls are by course and distance, and do not seem to correspond with the lines of the government surveys, and do not mention stakes or monuments, excepting the terminus of the survey is named as being at "the south-east corner of the old college lot at Kossuth." It does not appear that these recorded field notes are so obscure, repugnant, or otherwise defective, that they cannot be traced upon the face of the earth. On the contrary, the bill of exceptions shows that it was conceded upon the trial "that a line of road as originally surveyed and established could be traced by the field notes on the ground." It is claimed, however, that the original survey as shown by the field notes does not correspond with the route as actually surveyed and marked upon the ground by the surveyor, and upon the hearing before the board of supervisors, evidence was introduced which established that fact to the satisfaction of the board.

It is claimed that as the record showed the road was origi-

**1. HIGHWAY: re-survey of: object of statute.**

nally established upon the line designated by the field notes
and survey, no change could be made therein by

2. ——: ——: parol evidence showing that the survey was actu-
object of : evidence. ally made upon a different line. It is a general
rule in all questions of disputed lines of surveys that course
and distance must yield to actual monuments fixed and
recognized by the survey. And this is upon the principle
that the establishment of the actual line as surveyed and
measured upon the ground is the object always to be attained
in controversies of this character. We think, then, it was
competent for the board to hear evidence as to where the sur-
vey was actually made, and, upon being satisfied from the
evidence that the re-survey was upon the line as originally
surveyed, to approve and confirm the re-survey. The very
object of a re-survey is to ascertain the location of a road
already established. *Carey v. Weitgenant,* 52 Iowa, 660.

II. The board of supervisors also received parol evidence
tending to show that the line of road as established by the

3. ——: ——: re-survey (and as we understand the record at the
limit of authority of place in the line of which plaintiff complains), had
supervision. been changed by adverse possession and use for
more than ten years, and, under that evidence, the re-survey
was made to correspond with the use.

It is urged that it is not within the power of the board
of supervisors to vary the line of road as originally surveyed
by taking evidence of adverse possession and user. This
claim of the plaintiff we believe to be correct. The statute
authorizing a re-survey of public roads makes no provision for
a survey to establish highways acquired by the public by
prescription. It is a re-survey which is authorized, and not
an original survey to determine public rights acquired by user
and adverse possession. It is claimed that, in proceedings un-
der a re-survey, public rights by prescription may be estab-
lished under the clause in section 964 of the Code, which au-
thorizes a re-survey "in cases of such numerous alterations of

any highway since the original survey that its location cannot be accurately defined by the papers on file in the proper office." We think the alterations here referred to have reference to such changes in the road as have occurred by orders or surveys made after the original survey, and which tend to such confusion that the location of the road is not accurately defined or pointed out by the record. In the case at bar there has been no alteration of the location of the road by any subsequent action of the proper authority.

It seems clear to us that if the legislature had intended that, in this proceeding to re-survey public roads, rights by prescription and user should be determined, which in many cases are very important, and not easily and readily solved, language would have been used which would unmistakably confer the power. We are not prepared to hold that the power of eminent domain can be exercised in any such a summary manner as is provided for in the law authorizing the *re-survey* of public roads. The only inquiry in such case is, does the re-survey properly locate the road, as it was located in the original survey, and any subsequent alterations which have been made. In our opinion the action of the board in authorizing and approving a deviation from the location as recorded or as actually surveyed was wrong. It will be remembered we determine nothing as to the ultimate rights of the parties, but merely hold that the action of the board was not warranted under the special proceedings provided by the statute.

REVERSED.

BECK, J., *dissenting*.