Barnes v. Fox.

BARNES v. FOX.

1. **Highway:** ESTABLISHMENT OF BY COUNTY COURT: NECESSITY OF DEFINITE LOCATION. Where petitioners prayed for the location of a road between certain points on the "nearest and most suitable ground," and the court ordered "the road established accordingly, to be marked out by petitioners," but the petitioners never definitely located the road, *held* that the road was not established.

2. ———: ———: JURISDICTION: NOTICE: CONSENT. In order that the county court might have jurisdiction to establish a highway, there must have been the consent of the owners of the land to be taken, or due notice must have been given of the presentation of the petition; but consent could give jurisdiction only to establish the road prayed for—not a part of it only, nor a different road.

3. ———: RE-SURVEY: OBJECT OF. The true object of a re-survey of a highway is to ascertain the location of a road already established, and make a record of the same, and not to cure fatal defects in the original proceedings for the establishment of the road.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, APRIL 18.

THE defendant is road supervisor. The plaintiff brings this action to enjoin him from opening an alleged road. There was a decree for the defendant. The plaintiff appeals.

*Charles A. Bishop*, for appellant.

*James L. Husted*, for appellee.

ADAMS, J.—I. The first question is as to whether the alleged road was ever duly established. The facts pertaining to its alleged establishment appear to be as follows: In November, 1854, a petition was presented to the county judge of Black Hawk county, signed by John King and others, asking for the establishment of a road. On the petition, the county judge made an indorsement in these words:

1. HIGHWAY: establishment of by county court: necessity of definite location.

"The request of the above petition is granted, and the road established accordingly, to be marked out by. the petitioners, or at their expense." The defendant relies upon this indorsement as showing an order establishing the road in question.

No notice was given of the presentation of the petition, and plaintiff insists that the court acquired no jurisdiction. He also insists that the court could not establish a road in advance of its being marked out, and, even if it could, that the road never was, in fact, marked out, and hence never was established. One other question is suggested by the record, though not presented in the argument, and that is as to whether the road as described in the petition for its establishment, and upon which the indorsement was made, intersected the plaintiff's land. The defendant introduced in evidence a certified copy of the petition, and according to it the road petitioned for does not appear to intersect the plaintiff's land. The description of the road is as follows: "Commencing at the northwest corner of section 22, township 87, range 11, west, and running south on section line one and one-half miles to quarter section post between sections 27 and 28; from thence in a southwesterly direction on nearest and most suitable ground to quarter section post between sections 28 and 33, in township 87, range 12, west." The plaintiff's land is the north half of the northwest quarter of section 33, and the southeast quarter of the southwest quarter of the

southwest quarter of section 28, township 87, range 11, west. The road described would run diagonally from the quarter post between sections 27 and 28 in township 87, range 11, a little over six miles, to quarter post between sections 28 and 33 in township 87, range 12, west, and, unless considerably deflected from a straight line, would run north of the plaintiff's land. The alleged road, which the defendant is seeking to open, runs on the section line between sections 28 and 33, township 87, range 11. Looking at the defendant's evidence as above set out, it would appear that the alleged road sought to be opened was not only never established, but never petitioned for.

What the petitioners in fact petitioned for it is impossible to determine to our entire satisfaction. We are inclined to think that what they intended to petition for, and perhaps did petition for, was a road commencing as above described, and running, as above described, to quarter post between sections 27 and 28, thence in a southwesterly direction on the nearest and most suitable ground to quarter post between sections 28 and 33, thence west on section line, to intersect county road between sections 25 and 36, in township 87, range 12. We say so, because the abstract shows that the defendant introduced in evidence a certified copy of the record of the county court, and that record purported to contain a copy of the petition, which contained the description last above set out.

Whether the certified copy of the original petition, or the certified copy of what purported to be a record of the original petition, should prevail as evidence, we need not determine. No question of this kind has been presented by counsel for either party; and, besides, the case may properly enough, we think, be disposed of upon other grounds.

A road cannot, in the nature of things, be regarded as established until it has a definite location. The diagonal portion of this road never had such location. The order contemplated that it should thereafter be marked out by the petition-

ers, but this was never done.   This portion of the road, then, was certainly not established.   The other parts were described as running on section lines.   Whether if the whole had been described as running on section lines, and the same order had been made, providing that it should be marked out by the petitioners, and it never was marked out, it would, nevertheless, be deemed established, we need not determine.   The road was an entirety.   As such it was petitioned for, and as such the court attempted to establish it.   No one contemplated that a part at each end was to be established, while an essential link necessary to connect those parts was wanting.   Without attempting to demonstrate that a result could not properly be held to have been reached which was not contemplated by any one, it is sufficient to say that, in this case, the court, as it appears to us, did not acquire jurisdiction.   We have already seen that no notice of the presentation of the petition was given.   This was certainly fatal, unless there was the consent of the land owners and relinquishment of right of way.   The defendant claims that there was.   The petition, indeed, shows that the land owners did consent to the establishment of the road prayed for, and relinquished the right of way.   Whether that was sufficient to give the court jurisdiction, without notice, to establish such road, we need not determine.   The court certainly could establish only such road as was substantially the road prayed for.   There was no consent to any other, and no relinquishment of right of way for any other.   Those residing upon the east and west line needed the diagonal to enable them to reach the north and south line, and conversely.   The consent was, of course given, with the understanding that the diagonal part was to be established, if any, and without the establishment of that part we cannot hold that there was a consent. Now in the absence of both consent and notice, the court had no jurisdiction, and it follows that the order was void.

*2. jurisdiction: notice: consent.*

II.   The defendant relies in part, however, upon proceedings which were had subsequently.   In 1877 there was a so

called re-survey of the road.   The petition for the re-survey stated that the records of the road were defective.

**3. ——— : re-survey: object of.**   A commissioner was appointed, who surveyed a road and reported the same as "commencing at a point where the Cedar Rapids and Cedar Falls road crosses the section line between 25 and 36, in township 87, range 12, west 5 p. m; thence running east on the section line to where said section line reaches the west bank of the Cedar River between sections 28 and 33, township 87, range 11, west of 5 p. m." The commissioner's report was approved by the board of supervisors, and the road thus surveyed was ordered established. This road, as we understand, intersects the plaintiff's land, and is the road sought to be opened.

But if there was no original establishment of the road, as we hold, the proceedings for a re-survey were misconceived, and without foundation.   It is not the office of such proceedings to cure original proceedings which were fatally defective. Their purpose is to ascertain the location of a road already established, and make a record of the same.   *Carey v. Weitgenant*, 52 Iowa, 660; *Blair v. Boesch*, 59 Id., 554.

III.   The defendant contends that the road was established by prescription.   Considerable testimony was introduced upon this point, but it is not sufficient, we think, to show prescription.

We think that the plaintiff was entitled to an injunction. and that the court erred in dismissing his petition.

REVERSED.