THE STATE v. CHICAGO, INDIANAPOLIS AND LOUISVILLE
RAILWAY COMPANY.

[No. 18,548. Filed November 23, 1898.]

RAILROADS.— *Highways.*— *Street and Railroad Crossings.*— *County Commissioners.*—An order by the board of county commissioners requiring a railroad company to maintain a flagman at a railroad and street crossing, made in pursuance of section 5174, Burns' R. S. 1894, providing that the board of commissioners may require railroads to place a flagman at certain railroad and public highway crossings, is invalid, as it was not intended by such statute to confer upon county commissioners any power or authority over streets of incorporated towns.

From the Washington Circuit Court. *Affirmed.*

*W. H. Paynter,* for State.

*E. C. Field, W. S. Kinnan* and *Asa Elliott,* for appellee.

HACKNEY, C. J.—This was an action by the appellant against the appellee to recover the penalty provided by the act of 1891, section 5174, Burns' R. S. 1894, for the failure to maintain a flagman at the crossing of High street in the town of Salem and the main track and a switch track of the appellee. The requirement that such flagman should be so maintained, was by an order of the board of commissioners of Washington county, claimed to have been adopted in pursuance of said act, section 5174, Burns' R. S. 1894. The section referred to provides "that all railroads owned or operated in the state having more than two tracks across any public highway or road, and used for switching purposes exclusively, or regularly, or if only one track, and used for switching purposes, said railroad corporation shall, upon the order of the county commissioners in which said railroad is located, place a flagman at said crossing and

maintain the same at their expense from six o'clock a. m. to eight o'clock p. m., of each and every day, or so long as said commissioners deem it necessary." The appellee's demurrer was sustained to the appellant's complaint, and that ruling is the only assigned error.

Constitutional objections are urged to the statute . referred to, and, upon the appellant's construction of the statute, would require us to pass upon them. We are of the opinion, however, that it was not intended by the act in question to confer upon county boards any power or authority over the streets of incorporated towns, and that the order of the board, therefore, was invalid. "Public highways or roads" are the words of the statute describing the thoroughfare over which this power of the board is given. If this expression were employed in a general and unlimited sense it would include streets, since streets are a class of highways. But, in construing the act, we are to ascertain whether the legislature intended to include streets in the class over which the power was given. Primarily all power over all thoroughfares is with the legislature. For many years, if not from the beginning, this power has been so delegated by the legislature as to give control over urban ways to the cities and towns, and over suburban ways to the county boards and township officers. In keeping this control subdivided an orderly system has prevailed with reference to the establishment, improvement, repair, and vacation of ways and the sources from which the necessary funds are derived and the officers executing these various functions and expending such funds. As to towns it has been and now is provided that "The board of trustees of incorporated towns in this state shall have exclusive power over the streets   *   *   *   within the corporate lim-

its of such town." Section 4404, Burns' R. S. 1894 (3367, Horner's R. S. 1897). An intention to modify this "exclusive power over the streets" and to disturb this prevailing orderly system should be manifest before the courts could construe the act in question as giving county boards control over the streets of an incorporated town. This "exclusive power" is utterly inconsistent with the exercise of any power by the county board. *Sparling* v. *Dwenger*, 60 Ind. 80; *Tucker* v. *Conrad*, 103 Ind. 354. The act in question, interpreted with reference to the class of highways over which the board has exercised power, namely, those ways the control of which is not given specially to cities or towns, would maintain the consistency of the existing laws, and not introduce conflict in their practical enforcement.

We do not doubt that the legislature has power to recall any fraction of its authority over streets delegated to towns and to confer it upon county boards, but we are as free from doubt in holding that it was not intended by this act to do so. The ruling of the circuit court was correct, and the judgment is affirmed.