GASCHO ET AL. v. SOHL ET AL.

[No. 18,843.   Filed November 20, 1900.]

<table>
<tr><td>155</td><td>417</td></tr>
<tr><td>156</td><td>167</td></tr>
</table>

HIGHWAYS.—*Establishment.*—*When Partially Within City Limits.*— Where, in a proceeding to establish a highway, before the act of 1899 (Acts 1899, p. 116) came into effect, it appeared that a part of the proposed highway lay within the corporate limits of a city, the court, on appeal from the board of commissioners establishing the highway, erred in overruling a motion to dismiss the petition, since the board had no jurisdiction of that part of the proposed highway within the city limits.

From the Hamilton Circuit Court:   *Reversed.*

*F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellants.
*J. A. Roberts* and *Meade Vestal,* for appellees.

BAKER, C. J.—On September 8, 1897, under §§6742-6753 Burns 1894, §§5015-5026 R. S. 1881 and Horner 1897, appellees filed a petition with the board of commissioners of Hamilton county for the location of a highway on the half-section line running north and south through a certain section. The north thirty rods of the proposed line forms a part of the east boundary of the city of Nobles-

ville, so that the west half of a considerable part of the proposed road lies within the city limits. Lands of the appellants will be taken by the opening of the road. Viewers were appointed, and they found the proposed highway to be of public utility and laid out the same thirty feet in width upon the line described in the petition. In response to the notice appellants appeared, and at their first appearance filed a verified motion to dismiss the petition on the ground that a portion of the highway lay within the corporate limits of the city. The board overruled the motion. Appellants then filed remonstrances for damages. Reviewers reported against the remonstrants, and thereupon the board entered a judgment establishing the road and ordering it to be opened and kept in repair. On appeal to the Hamilton Circuit Court appellants renewed their motion to dismiss. Appellees filed a verified showing in opposition to the motion, in which they stated (1) that appellants are not residents of Noblesville and their lands do not border upon that part of the proposed road located within the corporate limits, and (2) that a petition signed by several residents of Noblesville has been filed with the common council of the city praying for the location and opening of a street upon the part of the proposed road that lies within the city, and that the council has referred the petition to the committee on streets and alleys. Acting on the verified motion and counter-showing, the court overruled the motion. The motion, the counter-showing, the court's ruling and appellants' exceptions thereto are properly embodied in a bill of exceptions. A trial was then had before a jury, who returned a verdict in favor of the public utility of the proposed road and against appellants' claims for damages. Over appellants' motion for a new trial, the court entered judgment on the verdict. Appellants assign as error the overruling of their motion to dismiss and their motion for a new trial.

In 1895 (Acts 1895, p. 14), the legislature amended

section sixteen of the highway law, §6743 Burns 1894, §5016 R. S. 1881 and Horner 1897, by adding the following proviso: "And provided further, that whenever the location of a highway is petitioned for upon and along any section line, which forms also the boundary or corporate limits of any incorporated city or town, the county commissioners shall, for the purpose of locating such highway, have jurisdiction over the lands and lots lying within such corporate limits and immediately affected by such proceedings and location; and the owners of such lands and lots so affected shall have the same rights and remedies in the matter of the locating of such highway as the owners of the lands lying on the opposite side of such highway and outside of said incorporated city or town." In 1899 (Acts 1899, p. 116) the foregoing proviso was amended so as to give the commissioners jurisdiction "whenever the location of a highway is petitioned for upon and along any line, which forms also the boundary or corporate limits of any incorporated city or town." These statutes but emphasize the fact that the city's original exclusive jurisdiction over its own territory, conferred by the legislature, can be taken away only by the legislature. *State v. Chicago, etc., R. Co.,* 151 Ind. 474; *Town of New Castle* v. *Lake Erie, etc., R. Co.. ante,* 18. Prior to 1895 the location of a highway wholly in the country lay within the exclusive jurisdiction of the commissioners, and of a highway wholly in the city within the exclusive jurisdiction of the council. At that time no provision had been made by the legislature whereby the commissioners alone or the council alone or the two jointly were authorized to take jurisdiction of one highway as an entirety which lay partly in the country and partly in the city. When this new subject-matter was provided for, it was for the legislature to place jurisdiction where it saw fit. *Anderson v. Endicutt,* 101 Ind. 539; *Sauntman* v. *Maxwell,* 154 Ind. 114, 120. The petition in this case does not come

within the act of 1895, because the proposed road is not on a section line; nor within the act of 1899, because this proceeding had been begun and disposed of before that act came into effect.

The proposed highway is an entirety and was established as such. The judgment appealed from is an entirety and must be treated as such. The highway established must be of the general character of the highway petitioned for. "The order for the location of the highway must be for such a way as the one described in the petition." *Lowe* v. *Brannan,* 105 Ind. 247, 249, citing *People* v. *Township Board,* 12 Mich. 434; *Brannan* v. *Mechlenburg,* 49 Cal. 672; *Damrell* v. *Board,* 40 Cal. 154; *Robinson* v. *Logan,* 31 Ohio St. 466. "The road was an entirety. As such it was petitioned for, and as such the court attempted to establish it. No one contemplated that a part at each end was to be established, while an essential link necessary to connect those parts was wanting. Without attempting to demonstrate that a result could not properly be held to have been reached which was not contemplated by any one, it is sufficient to say that, in this case, the court, as it appears to us, did not acquire jurisdiction." *Barnes* v. *Fox,* 61 Iowa 18, 15 N. W. 581. "The proceeding for laying out the whole road must be regarded as an entirety. Among the purposes for which the road was attempted to be established, as may be supposed, was the affording of a way for travel over the whole line, from the place of beginning to the road which was referred to as the southern terminus. We cannot assume that a highway over a part of the line would be of any public or even private utility, or that the supervisors would have laid out any road if they had not supposed that they were effectually laying out the whole." *Sonnek* v. *Town of Minnesota Lake,* 50 Minn. 558, 52 N. W. 961. "These powers [of cities over the subject of highways within the corporate limits] are exclusive; and the doctrine is that statutes conferring in general terms au-

thority upon commissioners of highways to lay out, open, maintain or vacate·roads, do not give an authority that can be exercised within the territorial limits of cities and villages, although located within the towns [townships] for which such commissioners of highways are elected. * * * These commissioners of highways, then, had no jurisdiction whatever in regard to highways or roads within the incorporated city of Minonk, and when they assumed to lay out and open a public road sixty feet wide * * * and located thirty feet in width of said road * * * within the territorial limits of the city, their action, at least in respect to said thirty feet, was manifestly null and void and of no effect whatever." *Shields* v. *Ross,* 158 Ill. 214, 41 N. E. 985.

Appellants are not residents of Noblesville and their lands lie outside the city. But part of their land is taken by the proposed road described in the petition. They were entitled to compensation if their damages exceeded their benefits. The reviewers and the jury found that their damages would not exceed the benefits resulting from the establishment of the road described in the petition. The judgment appealed from, therefore, determines that appellants, by the surrender of their land for the road, paid for an interest in the road as an entirety. Since a part of the consideration fails, the judgment, which is an entirety, can not be upheld.

Appellees cite the cases of *Sparling* v. *Dwenger,* 60 Ind. 72, and *Chicago, etc., R. Co.* v. *Sutton,* 130 Ind. 405. In each of these cases a landowner sought to enjoin a road supervisor from entering upon plaintiff's land to open a road under a judgment of the county commissioners establishing the road. The road as established was partly in the country and partly in the city. Plaintiff's land was wholly in the country and not contiguous to the city. Plaintiff was legally notified of the pendency of the proceeding, and failed to appear and object or ask for damages. It was

held, in substance, that plaintiff had a complete and adequate remedy at law in the proceeding before the commissioners and by appeal; that plaintiff sought only to exclude the supervisor from his land, and did not show that his situation was at all different from what it would have been if the road had been established wholly in the country; and that, therefore, injunction would not lie. These cases, whether rightly or wrongly decided, are not in point here, because appellants are pursuing their plain and adequate remedy of appeal.

Judgment reversed, with directions to sustain the motion to dismiss.