·Cornelius J. McNamara, Appellant, v. J. H. Brehm, Thomas Adamson, L. H. Schulte, H. A. Ahlers, Neil Robertson, Board of Supervisors of the County of Plymouth, Iowa, G. A. Sammis, Auditor of said County, Patrick Flynn, Township Clerk of Perry Township, in said County, and William Walker, Road Supervisor of Road District.

**Re-Survey of Established Highway:**    obstructions:   *Injunctions.* Plaintiff obstructed an established highway under the claim that it was wrongfully located, and the board of supervisors ordered and confirmed a re-survey, which found that the established survey was on the correct line, but the original field notes were followed in the second survey, and were found to be incorrect. *Held,* that the re-opening of the road could not be enjoined, since the re-survey was authorized under ·Code, section 1518, authorizing the board of supervisors to have a highway re-surveyed when the original survey is de-:fective, or the field notes are lost or destroyed.

*Appeal from Plymouth District Court.*—Hon. William Hutchinson, Judge.

Saturday, December 22, 1900.

Action to enjoin the opening of a public highway over the plaintiff's land. Judgment dismissing plaintiff's petition. He appeals.—*Affirmed.*

*Swan, Lawrence & Swan* for appellant.

*Geo. A. Jeffers* for appellees.

Sherwin, J.—A public highway was established over the plaintiff's land in 1895. The road was worked, and bridges and culverts built thereon, and it was traveled and used by the public, until closed by the plaintiff's fencing a portion of it. After the plaintiff had fenced this highway, the board of supervisors, by resolution, ordered a resurvey thereof, on the ground that the field notes of the original survey were inaccurate, and did not conform to the actual survey and plat, and the road as opened, worked, and used, and on the further ground "that the location of said road as originally surveyed and established cannot now be accurately determined. The county surveyor was thereupon instructed to resurvey said road, and to replat the same, and to cause such road above described to be so platted and surveyed, and the field notes of the same returned, so as to conform to the original survey and plat." This survey was made by the county surveyor. His plat and field notes were returned, showing that his survey followed the "line as the same was originally worked and traveled and bridges built thereon." It did not, however, follow the courses and distances shown by the original field notes. There can be no question about the error in the original field notes. The surveyor who laid out the road and made these notes testifies that they are not correct, and do not correspond with the highway as actually laid out and staked, and accounts for this error by saying that his instrument was out of repair and inaccurate. There is

Vol. 112 Iowa—37.

evidence before us tending to show that the road, as actually opened, bridged, traveled, and worked, follows the original survey and location as staked at the time. If this is true, and no evidence contradicts it, there was no change in the location thereof by the resurvey. There was no attempt made to change the actual location of the road. The object was to ascertain where it was already established. The plaintiff, by obstructing the traveled way, basing his action, as we gather it from the record, upon the courses and distances shown by the erroneous field notes, raised the question as to the true location of the highway, and we think the action of the board fully supported by section 1518 of the Code, and that the resurvey was properly confirmed. *Blair v. Boesch,* 59 Iowa, 554. The judgment of the district court is AFFIRMED.