LEWIS CAULKINS v. D. W. WARD ET AL., Appellants.

**Highways:** RESURVEY: EVIDENCE. Where a surveyor in relocating a highway did not make use of the field notes of the road as originally established and the field notes attached to his survey did not purport to be those of a resurvey, the record of such second survey was insufficient to establish a relocation of the highway, as provided in Code, section 1520.

*Appeal from Marion District Court.*— HON. EDMUND R. NICHOLS, Judge.

MONDAY, JUNE 12, 1905.

ACTION to enjoin a road supervisor from removing certain fences. Subsequently the township trustees were substituted as parties defendant. Upon hearing, the temporary writ of injunction was made permanent, and defendants appeal.— *Affirmed*.

*Crozier, McCormack & Welch,* for appellants.

*Hays & Amos,* for appellee.

LADD, J.— The plaintiff is owner of forty acres of land, through which a public highway runs in a northerly and southerly direction. On each side a fence has been maintained by him for the past fifteen years. The width between fences varies from 44 to 63 feet. In October, 1902,

the road supervisors undertook to remove the west fence in from the road about fourteen feet, to the line of an alleged survey, so as to make the road 66 feet wide, and was enjoined from so doing in this action. It appears that the road was first established in 1846, and was part of the State road laid out from Bloomfield to Winterset in 1854. In 1900, upon the petition of several neighboring landowners, the board of supervisors directed a resurvey, and appointed Jasper Nye to do the work. His report was that he had "proceeded to survey said highway according to instructions," and the field notes attached do not purport to be those of a resurvey. According to his testimony, to which there was no objection, he proceeded to survey the road, "as near as practicable, on old line of travel," and did not have or make use of the field notes of the road as originally established. The sole object of the resurvey is to ascertain the location of the road and its boundaries, precisely as these were established by the original survey. *Carey v. Weitgenant,* 52 Iowa, 660; *Blair v. Boesch,* 59 Iowa, 554; *Barnes v. Fox,* 61 Iowa, 18. See *McNamara v. Brehm,* 112 Iowa, 576. That made was in no sense a resurvey, and did not purport to be such. In order to be " conclusive proof of its establishment according to such survey and plat," under section 1520 of the Code, that and the two preceding sections must be followed; and where the record, as made, indicates that the road has not been resurveyed, it can be accorded no probative force whatever. But it is contended that the location of the road as originally established was shown, and that the fence, as maintained, was within its boundaries. None of the witnesses save Nye undertook to say where the road was originally, and while he testified, from mathematical calculations, and comparison of his field notes and those of the survey of 1854, that there was but little difference, he admitted on cross-examination that such calculations seldom agreed with the actual survey, and that the monuments are essential to an accurate tracing of the

lines.   In the absence of any reliable information as to
the location of the road, the court rightly enjoined inter-
ference with plaintiff's fences.— *Affirmed.*