# CITY OF GARY *v.* MUCH.

[No. 22,353. Filed March 5, 1913. Rehearing denied June 25, 1913.]

1. APPEAL.—*Consideration of Errors.*—*Ruling on Demurrer.*—*Motion for New Trial.*—Where the material allegations of a complaint are supported by some evidence, errors assigned in overruling a demurrer to the complaint for want of facts, and in overruling the motion for new trial on the ground that the decision was contrary to law and not supported by sufficient evidence, will be considered together on appeal. p. 29.

2. HIGHWAYS.—*Vacation.*—*Jurisdiction.*—The exclusive jurisdiction to vacate highways lying wholly outside incorporated cities and towns is vested in the board of county commissioners under §7650 Burns 1908, Acts 1905 p. 521. p. 29.

3. MUNICIPAL CORPORATIONS.—*Streets and Highways.—Power to Vacate.*—Under §§8696, 8697, 8700, 8960, 8961, 9005 Burns 1908, Acts 1905 p. 219, §§93, 94, 97, 266, 267, 31, excepting in certain instances, the exclusive power to vacate existing highways, located wholly within a town or city, is vested in such corporation. p. 29.

4. HIGHWAYS.—*Vacation.—Power of Legislature.—Delegation of Power.*—The legislature has the power to vacate highways which it may delegate to municipal authorities, but it must be conferred in express terms. p. 31.

5. HIGHWAYS.—*Boundary Line of City.—Vacation.—Power of Municipal Corporation.*—A highway must, of necessity, as to its breadth, be considered as a whole, and since the statutes, authorizing cities and towns to vacate highways within their corporate limits, do not in express terms confer upon a city or town the right to vacate half of a highway whose center forms the boundary line, it is without jurisdiction to do so. p. 31.

6. JUDGMENT.—*Judgment Erroneous in Part.—Remedy.—Motion to Modify.*—Where the judgment of a trial court is in part erroneous, the remedy is by motion to so modify it as to eliminate the error. p. 32.

7. HIGHWAYS.—*Boundary Line of City.—Vacation.—Injunction.*—One owning property abutting on a highway, the center of which forms the boundary line of a city, may obtain injunctive relief against the attempt of such city to vacate that portion of the highway within its corporate limits, upon showing a special interest in the highway and that he will be specially and peculiarly damaged by such vacation. p. 32.

From Lake Circuit Court; *W. C. McMahan*, Judge.

Action by Richard Much against the City of Gary. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under subd. 2, §1394 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*Bomberger, Sawyer & Curtis, John R. Cochran* and *L. L. Bomberger*, for appellant.

*George B. Sheerer* and *A. F. Knotts*, for appellee.

MORRIS, J.—More than thirty years ago a public highway known as the Clark Road was established in Lake County leading from the village of Clark northward a distance of about one and a half miles, to the shore of Lake Michigan, and it has ever since been used by the public. About fifteen

years ago, it was graded and paved with macadam. In 1904, appellee purchased a two-acre tract of land, bounded on the north by Lake Michigan and on the east by the Clark Road. The tract has a frontage on the lake of about 473 feet and on the road of about 463 feet, the center of the road being his east line. It is alleged that the land is of great value. Appellee resides on this tract and operates a hotel there. He has three children who attend school at Clark; appellee's post office and voting place are at the same place. The only means of egress from and ingress to his home is over the Clark Road, and if this is closed, it is alleged that the land will be rendered valueless. After the town of Gary was incorporated it annexed the territory lying between the town of Clark and the lake, excepting appellee's two-acre tract, the annexed tract including the territory west, south and east of appellee's land and including all the territory through which the Clark Road ran from the village to the lake, excepting the west half of the highway adjoining appellee's land on the east side thereof. In 1908, after the above annexation, the town of Gary, by its board of trustees, adopted a declaratory resolution vacating all that portion of the Clark Road from the lake to Clark, except the west half thereof adjoining appellee's tract on the east side thereof.

Appellee filed his complaint against the town of Gary, alleging the above recited facts, and other matters, and in which he prayed for a decree enjoining the vacation of the road. It was also alleged, that unless enjoined the town would vacate the road pursuant to the terms of the resolution adopted; that the sole purpose of the proposed vacation was to devote the vacated road to the sole and private use of certain named corporations; that the town has no right or authority to vacate the highway and has no right to vacate it for the private use of the corporations named.

While the action was pending, the town of Gary became a city, and the city was substituted as party defendant. A

demurrer to the complaint for insufficient facts was overruled. This action is here assigned as error. There was a trial, finding and judgment for appellee. Appellant filed its motion for a new trial on the ground that the decision was contrary to law and not supported by sufficient evidence. The overruling of this motion is also assigned as error. Inasmuch as the material allegations of the complaint are supported by some evidence, the errors assigned on the action of the court in relation to the demurrer, and motion for a new trial, will be considered together. It is contended by counsel for appellant that municipal corporations have exclusive jurisdiction in the vacation of streets or highways lying within the boundaries of their corporations, and, as it appears that the town was only attempting to vacate such portion of the Clark Road as lies within the boundaries of Gary, the decision of the municipality is not subject to judicial review. The precise question presented has never been considered in this jurisdiction, nor, so far as we are advised, in any other. There is no suggestion that the action of the town board was concurrent with similar action by the board of county commissioners. Appellant relies wholly on its right to vacate any highway or portion thereof, within its boundaries, on the exclusive authority granted it by statute.

Both the laws relating to cities and towns, and those relating to highways outside thereof, were revised in 1905. There were some amendments adopted in 1907, but they have no application here. It cannot be questioned that the exclusive jurisdiction to vacate highways lying wholly outside incorporated cities and towns is vested in the board of county commissioners. §7650 Burns 1908, Acts 1905 p. 521. Neither can it be doubted, that when this action was commenced except in certain instances not necessary to consider here, the exclusive power to vacate existing highways, located wholly within a town or city, was vested in such corporation.

§§9005, 8961, 8960, 8696, 8697, 8700 Burns 1908, Acts 1905 p. 219, §§31, 267, 266, 93, 94, 97; *Gascho* v. *Sohl* (1900), 155 Ind. 417, 58 N. E. 547. But where the center of an existing highway is the boundary line of a town, may it, pursuant to the authority vested in it by statute, vacate the portion of the highway lying within the city? The case of *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 30 N. E. 291, was decided in 1892. At that time there was no specific statute regarding the location of a new highway on the boundary line of a city or town. In the course of the opinion it was said on page 414: "We can, however, see no good reason why a board of county commissioners may not act in conjunction with the city authorities in establishing a highway along the line of such municipal corporations." In 1895 (Acts 1895 p. 14), the board of commissioners was given jurisdiction to locate highways on the boundary lines of towns or cities, if such boundary lines were section lines. By the amendment of 1899 (Acts 1899 p. 116), the board was authorized to locate highways on boundary lines of cities or towns, regardless of section lines. *Gascho* v. *Sohl, supra,* 419. In §2 of the highway act of 1905 (Acts 1905 p. 521, §7650 Burns 1908), the duties of the viewers with reference to highways proposed to be located, changed or vacated, are set out at length. In this section is found the following proviso, "That whenever the location of a highway is petitioned for upon and along any line which forms also the boundary of any city or town, the board of commissioners shall, for the purpose of locating such highway, have jurisdiction over the lands and lots lying within such corporate limits, and immediately affected by such proceedings and location; and the owners of such lands and lots so affected shall have the same rights and remedies in the matter of the location, *vacation or change* of such highway as the owners of the lands lying on the opposite side thereof, and outside of such city or town." (Italics ours.) Considering the fact that there is a difference in

procedure and remedies between proceedings before boards of commissioners, for vacating highways, and proceedings before town and city authorities, for the same purpose, and considering the other provisions of the highway act, there is not wanting reason for the assertion that §7650, *supra,* by implication, confers on the county board jurisdiction to order the vacation, as well as the location, of roads on city boundary lines, but, in view of the conclusion we have reached, it is unnecessary to determine this question.

4. The legislature has power to vacate a highway and such power may be delegated to municipal authorities, but it must be conferred in express terms. 2 Elliott, Roads and Sts. (3d ed.) §1177.

5. The statutes in question do not in express terms confer on cities or towns the right to vacate half of a highway whose center forms the boundary line. It is scarcely conceivable that any legislative body should entertain the intention of conferring on a town the right to destroy one side of an established and paved highway, and require the county authorities to maintain the useless remainder. A highway must, of necessity, as to its breadth, be considered as a whole. The conflict of jurisdiction contemplated by appellant's theory would be intolerable. The town of Gary was without jurisdiction to order the vacation of the half of the highway opposite appellee's land. Whether it might, with the concurrence of the board of commissioners, vacate the highway, in its entire breadth, at such location, is a question not necessary to decide, because such a situation is not presented. *King* v. *Inhabitants, etc.* (1836), 5 Ad. & El. 841; *Douglas County* v. *Taylor* (1897), 50 Neb. 535, 70 N. W. 27; *Rothwell* v. *California Borough* (1902), 21 Pa. Super. Ct. 234; *State* v. *Inhabitants, etc.* (1876), 65 Me. 210; *Bigelow* v. *Brooks* (1899), 119 Mich. 208, 77 N. W. 810; 37 Cyc. 176. Appellant, by the terms of the decree was enjoined from vacating the road or any part thereof, between Clark and the lake. It is contended

that inasmuch as all the road south of appellee's land was within the boundaries of the town, the latter's jurisdiction over such part was exclusive and the relief granted by the decree of the trial court was, to that extent, excessive and unwarranted. There was no motion in the lower court to modify the judgment. If a judgment is, in part, erroneous, the remedy is by motion to so modify it as to eliminate the error. *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 77 N. E. 400, and cases cited.

Appellant claims that because appellee's property is without the city limits, he is a stranger to the municipality and cannot be heard to complain, and to support the claim, cites the case of *House* v. *City of Greensburg* (1884), 93 Ind. 533. In the above case, House owned land outside the city which abutted on the terminus of a street which was vacated. It was held that under a statute providing that "any property owner immediately upon the line" of a street proposed to be vacated might object thereto, House was a stranger to the municipality and had no interest in the street within the meaning of the city charter. We do not consider the decision in the House case applicable here. Appellee, in his complaint, shows a special interest in the Clark Road as an appurtenance to his property. The closing of the road would deprive him entirely of access to his home except over the waters of Lake Michigan. The complaint avers a special and peculiar damage not sustained by the general public and such as to entitle him to injunctive relief. *Strunk* v. *Pritchett* (1901), 27 Ind. App. 582, 61 N. E. 973; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 47 N. E. 332, and cases cited. Appellee contends that it was shown by the evidence that the proposed vacation was for the purpose of permitting a private use of the highway, when vacated. On the other hand appellant claims that the purpose of the board of trustees in ordering the vacation is not a proper subject of judicial inquiry. A great many authorities are cited by

counsel in support of their respective contentions. Because the judgment of the trial court must be affirmed for reasons heretofore stated, it is not necessary to determine this question, and therefore it is not considered here.

There is no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 101 N. E. 4. See, also, under (2) 37 Cyc. 176; (3) 28 Cyc. 840; (4) 37 Cyc. 175; (5) 28 Cyc. 840; (6) 23 Cyc. 876; (7) 37 Cyc. 192. As to power of a municipality to vacate streets, see 46 Am. St. 494. On the question of the discontinuance or vacation of a highway by the acts of public authorities, see 26 L. R. A. 821. On the question of injury to abutting owner by vacation of highway, see 26 L. R. A. 662. On the right of an abutting owner to compensation for vacation of highway, see 36 L. R. A. (N. S.) 1115. On the right of a property owner whose means of access from one direction is shut off or interfered with by closing of adjoining street, or portion of street on which he is situated, see 2 L. R. A. (N. S.) 269; 30 L. R. A. (N. S.) 637.

[No. 22,204. Filed April 16, 1913. Rehearing denied June 25, 1913.]