IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1896, IN THE
EIGHTY-FIRST YEAR OF THE STATE.

---

### BROWN, EXECUTOR, ET AL. *v.* HINES.

[No. 2,022.   Filed September 23, 1896.]

HIGHWAYS.—*A Public Highway Annexed to a Town Becomes a Street.*
—Land which has become a public highway before its annexation
to a town by twenty years' continued use thereof by the public as
such, as provided by section 6762, Burns' R. S. 1894, becomes one of
the streets of the town after its annexation, although such section
of the statutes does not apply to the public streets of a town.

From the Tipton Circuit Court. *Affirmed.*

*Thomas J. Kane* and *Ralph K. Kane,* for appellants.

*John F. Neal,* for appellee.

LOTZ, J.—The city of Noblesville, by regular pro-
ceedings, ordered the improvement of Voss street
within the corporate limits by grading and graveling
the same. A contract for such improvement was duly
let to the appellee and he made the improvement as
ordered. This action was brought in the Hamilton
Circuit Court, to enforce the assessment against the

lands of the appellant abutting on said street and benefited thereby. The venue of the cause was changed to the Tipton Circuit Court. That court tried the cause and made a special finding of the facts and stated conclusions of law, and rendered judgment for the appellee, enforcing such assessments against the appellants' lands.

The only questions presented for our consideration upon this appeal arise upon the conclusions of law.

The appellants earnestly contend that it appears from the facts that the way in front of the lands sought to be charged was not a public street of said city, and that the proceedings, so far as the same affected their lands, were null and void.

It is insisted that it does not appear, from the finding, that the way had ever been dedicated to the public, either expressly or impliedly, and that no proceedings had ever been taken to condemn the same for street purposes. The cases of *Shellhouse* v. *State,* 110 Ind. 509; *Tucker* v. *Conrad,* 103 Ind. 349; *Mansur* v. *State,* 60 Ind. 357, are relied upon to support this contention.

We do not find it necessary to follow the elaborate argument of counsel, for, as we view the case, there are a few controlling facts decisive of this controversy.

It appears from the finding that the original plat of the town of Noblesville was made and filed more than sixty years ago; that the appellants' land, now sought to be charged, abutted upon the north line of said plat; that about forty-three years ago the public commenced traveling on the south line of appellants' lands, and that forty years ago there was a well defined beaten traveled way, and that the same has been continuously and uninterruptedly used by the traveling public, and that it afterwards became known as

Voss street, in said city, and was known as such at the time the improvement was ordered. Noblesville became incorporated as a town in 1850, and as a city in 1887. The appellants' lands were annexed to the corporation in 1871.

It clearly appears from these facts that the way had been traveled and used by the public for more than twenty years prior to being annexed to the town.

By section 6762, Burns R. S. 1894 (5035, R. S. 1881), which went into effect March 5th, 1867, it is provided that "All public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways;" etc. In construing this statute the Supreme Court, in the case of *Strong, Tr.*, v. *Makeever*, 102 Ind. 578, said: "By the explicit and positive terms of the statute, that [twenty years'] use made the road a public highway. Under this statute, it is the twenty years' use that makes the road a public highway, and it is immaterial whether the use is with the consent, or over the objection, of the adjoining landowners. * * * * With the expiration of the twenty years' use, as in this case, the statute intervenes and declares the road to be a public highway regardless of its origin or the mere objections by landowners. The statute does not affect a remedy merely, but establishes a right." See also *Louisville, etc., R. W. Co.* v. *Etzler, Exr.*, 3 Ind. App. 562.

Under these authorities, the traveled way on the north end of appellants' land had become a public highway before the lands were annexed to the town. Being a public highway at the time of the annexation, its character was not changed thereby, but it still remained a public highway and became one of the streets of the town.

It is true that section 6762, *supra*, does not apply to the public streets of a city or town. *Tucker* v. *Conrad*,

*supra.* But in the case at bar the twenty years' use constituted the way a public one before the annexation. The case of *Shellhouse* v. *State, supra,* and *Mansur* v. *State, supra,* do not apply, for there the ways were within an incorporated city.

It clearly appears that the way upon which the appellants' land abutted was a public street of the city of Noblesville, and should be charged with the costs of the improvement.

Judgment affirmed.