## CITY OF BLOOMINGTON *v.* CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY.

[No. 7,580. Filed April 19, 1912. Rehearing denied June 25, 1912. Transfer denied February 19, 1913.]

1. MUNICIPAL CORPORATIONS.—*Streets and Public Ways.—Defects. —Liability.*—Cities have complete jurisdiction over all streets and public ways within their respective limits, under §§8655, 8960-8966 Burns 1908, Acts 1905 p. 219, §§53, 266-271, and consequently are liable for failure to keep such public highways in reasonably safe condition for travel. p. 515.

2. MUNICIPAL CORPORATIONS. — *Defective Streets. — Liability of Abutting Owners.*—A property owner, who, by some affirmative wrongful act, causes the defective condition of a street, is liable to the city or town for any amount which it may be required to pay as damages on account of such defect. p. 515.

3. MUNICIPAL CORPORATIONS.—*Defective Streets.—Railroad Crossings.—Liability of Railroad Company.—Statutes.*—Under §5250 *et. seq.* Burns 1908, Acts 1895 p. 233, requiring railroad companies to properly grade and plank their roads at all street crossings, so as to afford security for life and property at such crossings, providing for the collection of penalties for failure so to do, and also providing that the municipality may, on their failure so to do, have the work done at the expense of such railroads, it is the primary duty of a railroad company so to construct and maintain all street crossings as to make them reasonably safe for travel, and a railroad company is primarily liable for injuries resulting from its failure to perform such duty. p. 515.

4. MUNICIPAL CORPORATIONS.—*Defective Streets.—Railroad Crossings.—Liability.*—One, who is injured by a defective street caused by the failure of a railroad company to properly repair such street at the intersection of its tracks therewith, may bring an action against the railroad company, or he may bring it against the city, since, as between the city and the public, the city stands as a guarantor that the company will not be negligent, and, it is

City of Bloomington v. Chicago, etc., R. Co.—52 Ind. App. 510.

therefore primarily liable for such negligence; and where the city has been obliged to pay, the company is primarily liable to it for such damages, together with the costs and expenses fairly incurred. pp. 517, 518.

5. RAILROADS.—*Street Crossings.—Approaches.—Duty to Maintain.*—The approaches of a street to a railroad crossing constitute a part of such crossing, and the company is bound to maintain such portion of the street as well as that which crosses the tracks. p. 518.

6. MUNICIPAL CORPORATIONS.—*Action for Personal Injuries.—Defective Railroad Crossing.—Judgment.—Res Judicata.—Matters Directly in Issue.*—In an action by a pedestrian against a city for injuries caused by the defective condition of a railroad street crossing, where the railroad company, after notice, failed to appear and defend, the only matters adjudicated, so far as the right of the railroad company is concerned, were such as were essential to support the verdict, namely, the existence of the defect, the liability of the city to plaintiff, and the amount of damages which the city was required to pay; so that in an action by the city against the railroad company to recover the amount of the judgment rendered against it, the company was not prevented from showing that it was under no duty to repair the defect, and that the injury was not caused by any negligence on its part. p. 519.

7. MUNICIPAL CORPORATIONS.—*Streets.—Duty to Light.—Liability for Failure.*—The lighting of streets by a muncipality is merely the exercise of a governmental function, and negligence cannot be imputed for a failure to exercise such power. p. 520.

From Lawrence Circuit Court; *James B. Wilson*, Judge.

Action by the City of Bloomington against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Duncan & Batman, Michael T. Poling* and *Miers & Corr*, for appellant.

*E. C. Field, Brooks & Brooks* and *H. R. Kurrie*, for appellee.

IBACH, P. J.—Appellant brought this action to recover from appellee the amount of a judgment which it had been required to pay to Minnie Woodworth, a pedestrian, who had been injured by falling through a defective sidewalk which appellant, with knowledge, had allowed to remain in

512        APPELLATE COURT OF INDIANA,

City of Bloomington v. Chicago, etc., R. Co.—52 Ind. App. 510.

one of its streets, and in whose case appellee had been notified to appear and assume the defense. The complaint consists of one paragraph, and avers substantially the same facts as are contained in the special finding made by the trial court. It was answered by a general denial. The cause was submitted to the court, who at the request of both parties, made a special finding of facts and stated his conclusion of law thereon against appellant. The only error assigned is in the court's conclusion of law.

The special finding of facts, so far as essential to the determination of the question before us, is as follows: Appellant was a city duly organized under the laws of Indiana. Appellee was a railroad corporation also duly organized under the laws of Indiana, and for a number of years operated a line of railroad which passed through Monroe county and the city of Bloomington, and transported passengers and freight over its line of road for hire. Said road in passing through the city of Bloomington runs practically north and south, crossing certain streets of said city at right angles, until it arrives at Sixth street, a street running east and west, where it turns toward the northwest, crossing Seventh street, which runs parallel with and lies immediately north of Sixth street. Said streets are crossed at grade. Before the construction of the grade of the railroad in 1853 there was a stream of water running practically south across Seventh street, and which street crossed through the bed of the stream without any superstructure. In constructing the grade for said railroad the course of said stream was deflected from the west side of said grade, beginning at the outer edge of the walk in the north line, and a culvert was constructed in a southeasterly direction to the south line of said Seventh street, said culvert being about six feet deep. In making the grade, the railroad company graded the whole width of the street on both the east and west sides thereof back from 150 to 250 feet over said culvert, and to the depth of 1 or 2 feet, over which and by

means of said grade the public passed over said stream, railroad track and culvert in using the street. The south end of said culvert was flush with the south line of the pavement at the south side of Seventh street, and was 20 feet east of the east rail of the track. Said culvert entered an open drain walled on the west side by a stone wall, built by appellee, and extended south and 10 or 15 feet east of said east rail of said railroad about 132 feet. Prior to February 9, 1905, appellant had built a brick sidewalk on the east side of Seventh street and adjacent to the south line thereof to within about 50 feet of the east side of the railroad track, and appellee had built a board walk from the end of said brick walk over and across said culvert and grade to the east rail of the track. It put a wooden banister, about 35 feet long, on the south side of such walk, which banister extended to within 10 feet of said east rail. This walk, so constructed, had been used for a number of years by the traveling public. On the evening of February 9, 1905, Minnie Woodworth, while passing over such wooden portion of the walk, and between appellee's east rail and the culvert, got her foot in a hole in such board sidewalk, was thrown, and permanently injured. On March 23, 1905, she brought suit against appellant. Then follows a copy of her said complaint, as well as copies of the other pleadings filed in such court. The result of the trial was the awarding to said plaintiff of damages in the sum of $5,000. Appellee failed to appear, and appellant was required to pay and did pay on December 3, 1907, on account of such judgment, interest and expense of the court, the sum of $5,966.70. The conclusion of law is: "The law is with the defendant and the plaintiff is not entitled to recover in any sum."

It is contended by appellant that both by the principles of the common law and by statute a duty is imposed on appellee, both to construct and to maintain all highway crossings and the approaches thereto in a reasonably safe condi-

tion for the traveling public, and that it is liable to respond in damages to one who has sustained injuries on account of neglect to perform any of such duties; and since the railroad company is primarily liable for such damages, any judgment which the city has been required to pay on account of said injury, together with costs, and all reasonable expenses of making the defense, can be recovered back from such railroad company, and since notice was served on it to appear and defend the original action, it is bound by the matters litigated in that cause.

In the original complaint defendant city was charged with negligence in failing sufficiently to light the defective portion of the walk in suit. As to this charge appellant contends that lighting a street of a city is a governmental function, and that since a city cannot be held liable for a failure to perform a governmental function, the conclusion announced by the court could not have been based on that fact as constituting an act of negligence.

In answer to these contentions appellee says that a property owner is not liable to return to the city the amount of the judgment which it was required to pay out on account of the defective walk, where it appears that the property owner has done nothing more than fail to make improvements or repairs. Also, that it was not the effect of legislative enactment on this subject to place on railroad companies the primary duty of maintaining the streets and alleys over which it crosses. Furthermore, because in the original suit brought by Minnie Woodworth the city was charged with an independent act of negligence in failing to maintain a sufficient light near the dangerous walk, so that its dangerous condition might be discovered, and as it was no part of the duty of the railroad company to maintain lights, it must be concluded that the judgment of the court was based on the whole complaint which included the absence of the light. Cities of this State have, under existing statutes, complete jurisdiction over all streets and public

1. ways within their respective limits (§§8655, 8960-8966 Burns 1908, Acts 1905 p. 219, §§53, 266-271); consequently they are held liable on the failure of their officers to perform the duty of keeping such public highways in a reasonably safe condition for travel. *Wickwire* v. *Town of Angola* (1892), 4 Ind. App. 253-56, 30 N. E. 917; *McNaughton* v. *City of Elkhart* (1882), 85 Ind. 384, 388.

The property owner, however, who is guilty of some affirmative wrongful act in causing the defective condition of the street, is liable to the city or town for any 2. amount which it may have been required to pay to any one as damages on account of the defective condition which he produced. This doctrine is so well established that we consider citation of authorities unnecessary.

As to crossings over railroads, the statute provides: ''That it shall be the duty of each railroad company whose road or tracks cross, or shall hereafter cross, any street 3. * * * in any incorporated town or city * * *, which said street * * * has been or shall hereafter be, by addition, plat or otherwise, dedicated to the public use, to properly grade and plank its said road or tracks at its intersection with and crossing of said street * * * in accordance with the grade of said street, in such manner as to afford security for life and property at said intersection and crossing.'' §5250 Burns 1908, Acts 1895 p. 233.

The following sections of the statute provide for the collection of a penalty for failure to comply with the provisions of this section, and also provide that the municipality may, on failure of the railroad so to do, have the work done at the expense of such railroad company.

By the enactment of §§5250-5254 Burns 1908, Acts 1895 p. 233, §§1-5, it was the evident intention of the legislature to place the primary duty on all railroad companies so to construct and maintain all street crossings as to make them rea-

516. APPELLATE COURT OF INDIANA,

City of Bloomington *v.* Chicago, etc., R. Co.—52 Ind. App. 510.

sonably safe for travel. For this reason the numerous authorities cited by appellee, holding that abutting lot owners are liable for damages where injury occurs to a person on account of the owner not making repairs in the street, are not in point, for in those cases there is no duty resting on such abutting lot owners to maintain the street on which the property abuts in a reasonably safe condition for travel, while in the case at bar appellee is charged with the violation of an express legal duty, a fundamental obligation imposed by law to maintain the crossings over its right of way in a safe condition for travel.

In the case of *Wabash R. Co.* v. *De Hart* (1903), 32 Ind. App. 62, 67, 65 N. E. 192, the court said: ''If it [railroad company] does not restore the highway which it crosses in such a manner as to comply substantially with the statutory requirement, the dangerous condition thus resulting will constitute a public nuisance, or there is negligence *per se.*'' After further discussing the duties of the railroad to repair its crossings, the court continues: ''The duty devolved upon it, the nonperformance of which constitutes actionable negligence, is an obligation to exercise carefulness, measured not only by the danger, but also by the privilege it enjoys of encumbering a public highway for its private benefit; and the manner in which the duty is to be performed is expressly enjoined and described by statute.''

In the case of *Evansville, etc., R. Co.* v. *State* (1898), 149 Ind. 276, 278, which was a suit by appellee to compel appellant by writ of mandamus to construct a suitable and safe crossing over its tracks at a street crossing, the court said: ''This duty is imposed by statute in this State and also exists independent of any statute.''

In the case of *City of Elkhart* v. *Wickwire* (1882), 87 Ind. 77, in which the city had sued Wickwire to recover over what it had been required to pay, the law is thus declared: ''It results from these general principles that if the facts stated in the special verdict can be regarded as showing that

the appellee made the sidewalk unsafe, or was charged with a duty respecting it and negligently omitted to perform that duty, the judgment should have been for the appellant.''

In the later case of *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 602, 66 L. R. A. 119, Judge Monks, speaking for the Supreme Court, said: ''The established rule in this State is that when a street of a municipal corporation is rendered unsafe by the wrongful act or negligence of a third person, and the corporation is compelled to pay for injuries caused by such unsafe streets, it has a right of action over against the person who rendered the same unsafe, for the amount so paid. * * * In such cases, as between the municipal corporation and the one who created the dangerous condition which occasioned the injury, the latter is primarily liable, and said corporation, having been compelled to pay such damages to the one injured, becomes subrogated to the remedy of the injured party.''

In the case at bar the injured party might have brought her suit against the railroad company, whose neglect to repair the street caused the injury, or against the city.

4. Both were liable. As between the city and the public, the city occupies the position of a guarantor for the company that it will not be negligent, and the city is primarily liable to a traveler on its streets who becomes injured on account of a defect therein, but as between the city and the one whose neglect to repair the street caused the injury, the latter is primarily liable to indemnify the city for the damages it has been compelled to pay, together with the costs and expenses fairly incurred. These propositions are well supported by the following authorities: Tiedeman, Mun. Corp. §306; 2 Dillon, Mun. Corp. (2d ed.) §§795, 796; *City of Portland* v. *Atlantic, etc., R. Co.,* (1877), 66 Me. 485; *Catterlin* v. *City of Frankfort* (1881), 79 Ind. 547, 41 Am. Rep. 627; *Inhabitants of Lowell* v. *Boston, etc., R. Corp.* (1839), 23 Pick. (Mass.) 24; *Cleveland, etc., R. Co.* v. *Miller*

518    APPELLATE COURT OF INDIANA,

City of Bloomington v. Chicago, etc., R. Co.—52 Ind. App. 510.

(1905), 165 Ind. 381, 74 N. E. 509; *Cincinnati, etc., R. Co.* v. *City of Connersville* (1908), 170 Ind. 316, 83 N. E. 503; *Pennsylvania Co.* v. *Frund* (1892), 4 Ind. App. 469, 30 N. E. 1116; *Western, etc., Railroad* v. *City of Atlanta* (1885), 74 Ga. 774.

In the last case the court said: "If railroad companies are required by law, as well as by public policy, to keep in good order, at their own expense, public roads and private ways, where the same cross the right-of-way of the various railroads of this State, much stronger should be the reason for keeping in proper order and repair street crossings in cities and towns, which are likely to be thronged with persons."

In 3 Elliott, Railroads §1092, the author, in discussing the duties devolving on railroads to construct and maintain highway crossings, says: "This is not performed by merely restoring the street to the condition in which it was at the time the track was laid, for it is a continuing duty to keep such portion of the street in repair. The city may also be liable in such a case if it negligently suffers the defect or obstruction to remain in the street. But it may have its remedy over against the company." The approaches to a railroad crossing constitute a part of such crossing,

5. and the duty rests on the railroad company to maintain this portion as well as that part which crosses the railroad tracks. *Cincinnati, etc., R. Co.* v. *Claire* (1893), 6 Ind. App. 390, 33 N. E. 918.

The trial court finds that the walk in question was constructed by appellee on the approach or fill made at the time the road was built across the street, and it

4. further finds that the plaintiff in the original suit was injured on such walk by having her foot caught "in a hole and defect in said board walk so erected, and maintained on said culvert and grade, by said defendant [railroad company] by which she was violently thrown down and permanently injured, which was caused by the danger-

NOVEMBER TERM, 1912.     519

City of Bloomington v. Chicago, etc., R. Co.—52 Ind. App. 510.

ous and defective condition of said board walk, so erected and maintained as aforesaid.''

Under the law it was the duty of appellee to keep the sidewalk at the point where Minnie Woodworth was injured in a reasonably safe condition for travel, and for a failure to perform this duty it became negligent, and became liable to respond to her in damages for the injury she sustained. Appellant having been required to pay such damages is entitled to recover from appellee the amount so paid, and the trial court should have stated its conclusion of law in favor of appellant on the facts found.

The matters adjudicated in the case of Minnie Woodworth against appellant, so far as the rights of the parties to the present suit are concerned, are such as were essential 6. and necessary to support the verdict returned, and these were (1) the existence of the defect in the street, (2) the liability of the city to the plaintiff, and (3) the amount of the damages which the city was compelled to pay. *Catterlin* v. *City of Frankfort, supra; Chicago City* v. *Robbins* (1862), 2 Black (U. S.) 418, 17 L. Ed. 298. Those matters which were not necessary to the disposal of the real question in issue in that suit were not involved in it, and were therefore not adjudicated thereby. 2 Black, Judgments §615. Consequently the facts on which the suit at bar is predicated were not adjudicated between the parties hereto by the original suit against the city, and the city is not prevented from bringing this suit against the railroad company to recover the money it was compelled to pay on account of such suit, and neither was the railroad company when sued by the city prevented from showing that no duty devolved on it to keep the walk in repair, and that the accident did not happen by reason of any act of negligence on its part. All these matters were left open for determination in the suit at bar.

In the original suit one of the averments of the complaint was that the city failed to maintain sufficient lights near the

defective sidewalk, so that its dangerous condition
7.  could have been discovered. This was an allegation
    of failure to light its streets sufficiently, rather than
a charge of negligently failing to guard the particular de-
fective portion of the walk, by placing a danger light at
that point. The lighting of streets by a municipality is
merely the exercise of a governmental function and for a
failure to exercise such a power, negligence cannot be im-
puted against any city or town.

In the case of *City of Vincennes* v. *Thuis* (1902), 28 Ind.
App. 523, 528, 63 N. E. 315, the court said, "It is not negli-
gence *per se* for a city to fail to exercise its authority, con-
ferred upon it by law, to light its streets.   *   *   *   So
that a failure to light the street is not a sufficient charge of
negligence to render the city liable." See, also, *City of Vin-
cennes* v. *Spees* (1905), 35 Ind. App. 389, 74 N. E. 277.
The greater weight of authority in our own State as well as
in other states, is against the contention of appellee.

The judgment of the trial court is therefore reversed, with
instructions to restate its conclusion of law in favor of ap-
pellant, and to render judgment for appellant in the sum of
$5,966.70, with interest thereon from December 3, 1907.

Note.—Reported in 98 N. E. 188. See, also, under (1) 28 Cyc.
1342; (3) 28 Cyc. 1434; (5) 33 Cyc. 273; (6) 23 Cyc. 1309; (7)
28 Cyc. 1403. As to a city's liability for injuries resulting from de-
fects in streets, see 103 Am. St. 260. As to the right of a munici-
pality which has been held liable for injuries from unsafe condition
of street to recover over against the owner or occupant of abutting
property, see 12 L. R. A. (N. S.) 949. On the right of a munici-
pality to recover indemnity or contribution from one for whose
tort it has been held liable, see 40 L. R. A. (N. S.) 1165. On the
question of the duty of a municipality to light streets, see 13 L. R.
A. (N. S.) 1166. For a discussion of the exoneration between a
municipality and abutting owners as to damages paid on account
of an unsafe highway, see 1 Ann. Cas. 945; 14 Ann. Cas. 1047.