## CITY OF HAMMOND v. JAHNKE, BY NEXT FRIEND.

[No. 21,639. Filed June 25, 1912.]

1. MUNICIPAL CORPORATIONS.—*Defects in Streets.*—*Action for Injuries.*—*Complaint.*—*Sufficiency.*—In an action against a city for personal injuries, a complaint, alleging that, jointly with a railroad company, defendant negligently and carelessly constructed and maintained a railroad crossing, made of planking, and permitted it to remain in a defective and dangerous condition, over one of its streets, with knowledge of such defective condition and with knowledge that it was used by children in going to and from school, that, in passing over said crossing on his way from school, plaintiff's foot was caught in the planking of said crossing and before he could extricate the same he was struck by a train and injured, that plaintiff was not familiar with the cross-

ing and that he exercised all the care and caution possible for a child of his age and experience, was sufficient to withstand a demurrer for want of facts. p. 182.

2. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—*Verdict Must Stand in Absence of Conflict.*—The general verdict necessarily covers the whole issue and solves every material question against the party against whom the verdict is rendered, and, in the absence of an irreconcilable conflict between it and answers to interrogatories, the general verdict must stand. p. 183.

3. APPEAL.—*Review.*—*Verdict.*—*Answers to Interrogatories.*—On appeal the court will look only to the complaint, answer, the general verdict, the interrogatories and the answers thereto, in determining whether an irreconcilable conflict exists between the general verdict and the answers to the interrogatories. p. 184.

4. MUNICIPAL CORPORATIONS.—*Action for Personal Injuries.*—*General Verdict.*—*Answers to Interrogatories.*—In an action against a city for personal injuries sustained at a railroad crossing which the city negligently permitted to exist in a defective condition, answers by the jury to interrogatories showing that plaintiff received his injuries at the crossing, that defendant did not construct or undertake to maintain said crossing, but that it was constructed and maintained by the railroad company, that defendant had not instructed or authorized as to the manner of its construction, and that defendant had neither ordered nor notified the railroad company to change said crossing, and that plaintiff could have seen its condition had he looked, were not in irreconcilable conflict with a general verdict for plaintiff. p. 184.

5. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Notice.*—Knowledge by a street commissioner, or a member of the common council of a city, of the defective condition of a street crossing, is actual notice to the city. pp. 184, 186.

6. MUNICIPAL CORPORATIONS. — *Defective Streets.* — *Constructive Notice.*—Where a municipal corporation, by the exercise of ordinary diligence, could have discovered a defect in a public street in time to make necessary repairs before an injury happened, constructive notice of the defect will be imputed. p. 185.

7. APPEAL.—*Review.*—*Verdict.*—*Sufficiency of Evidence.*—The Supreme Court will not reverse a cause on the weight of the evidence where there is some evidence to sustain the verdict, and support the allegations of the complaint. p. 186.

8. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Action for Personal Injuries.*—*Trial.*—*Verdict.*—In an action against a city to recover for personal injuries caused by a defective street crossing, a general verdict for plaintiff imports either that the city

had actual knowledge of the defect, or, by the exercise of ordinary care and diligence, it could have discovered same in time to prevent the injury. p. 186.

9. MUNICIPAL CORPORATIONS.—*Streets and Public Places.—Control.*—Under §8961 Burns 1908, Acts 1905 p. 219, every municipality, except as otherwise provided by law, has exclusive power over its streets, alleys, crossings and public places. p. 186.

10. MUNICIPAL CORPORATIONS.—*Defective Streets.—Railroad Crossings.—Duty of Railroads.—Statute.*—Under §5195 Burns 1908, §3903 R. S. 1881, and also under §5250 Burns 1908, Acts 1895 p. 233, railroad companies are required to make safe and convenient crossings at the intersection of all streets and highways, and to keep them in a safe condition for use. p. 186.

11. MUNICIPAL CORPORATIONS.—*Streets and Public Places.—Control.—Duty.*—A municipal corporation has full power over its streets and crossings so as to compel a railroad company to repair a defective crossing within the city limits, and where an injury results because of its failure to compel such repairs to be made, the city is liable in damages therefor. p. 188.

12. MUNICIPAL CORPORATIONS.—*Defective Streets.—Liability for Injuries.—Concurring Causes.*—A city cannot avoid liability for an injury resulting from its failure to require a railroad company to maintain a street crossing in a safe condition for use, on the ground that some cause concurred with the defective condition of the highway in producing the injury. pp. 188, 189.

13. MUNICIPAL CORPORATIONS. — *Negligence. — Concurrent Act of Third Person.—Proximate Cause.*—Where a city, by its negligence, puts in motion a cause which continued to the end, and without which an injury would not have occurred, although a third person may have contributed to the final result, the city's negligence is the proximate cause of the injury. p. 188.

14. MUNICIPAL CORPORATIONS.—*Action for Personal Injuries.—Appeal.—Review.—Harmless Error.*—In an action against a city to recover for personal injuries caused by a defective crossing in the street, evidence of repairs made subsequently to the injury, but not made by the city, was immaterial, and its admission, though erroneous, was harmless. p. 189.

15. MUNICIPAL CORPORATIONS.—*Defective Streets.—Evidence.*—In an action against a city to recover for personal injuries caused by a defective railroad crossing in a street, evidence as to who constructed the crossing was immaterial and properly refused. p. 190.

16. NEW TRIAL.—*Cause.—Cumulative Evidence.*—A new trial will not be granted on account of newly-discovered evidence which is merely cumulative. p. 190.

17. NEW TRIAL.—*Newly-Discovered Evidence.—Probability of Dif-

*ferent result.*—A new trial should not be granted on account of newly-discovered evidence, unless such evidence would probably produce a different result at another trial. p. 190.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by Irwin Jahnke, by his next friend Ferdinand Jahnke, against the City of Hammond. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. Gavit* and *J. H. Gillett,* for appellant.

*Peter Crumpacker* and *D. J. Moran,* for appellee.

SPENCER, J.—Action by appellee for personal injuries sustained by him on account of the alleged negligence of the appellant in failing to keep in repair a street crossing in the city of Hammond, Indiana. The court overruled a demurrer to a second amended complaint, and issues were joined by an answer in general denial. Trial by jury, and a verdict in favor of appellee, together with answers to ninety-eight interrogatories. The court overruled a motion for judgment on the answers to the interrogatories, and rendered judgment on the verdict.

Errors assigned are: (1) Overruling demurrer to the appellee's amended complaint; (2) overruling appellant's motion for judgment on answers of jury to the interrogatories, notwithstanding the general verdict; (3) overruling appellant's motion for a new trial.

Plaintiff's complaint alleged the following material facts: That on May 15, 1905, and for more than five years prior thereto, there was in the city of Hammond a public street and highway known as Henry street; that said street crosses the tracks of a railroad company in said city; that at said crossing the defendant constructed a public crossing by planking the same for a distance of more than twenty feet in width over the tracks; that the defendant negligently and carelessly constructed, maintained and permitted said planking immediately south of the north rail of the north main track of the railroad company at said crossing to be and re-

main so that there was a space about four inches wide and five inches deep entirely across said street; that said defendant well knew said condition of said crossing was extremely dangerous and hazardous to persons crossing said street at said place, and could have made said crossing safe by putting in a plank in said space, filling it up to the ball of said rail, but negligently failed so to do; that for more than six years prior to date of the injury herein complained of there was a large public school building, known as the "Lincoln school", located about one block west and two blocks north of said crossing; that the defendant knew that children of tender years crossed said crossing in going to and from school, but, notwithstanding said fact, defendant negligently and carelessly failed and refused to make said crossing safe by properly blocking the same, but allowed it to remain in the dangerous and defective condition as aforesaid; that on May 15, 1905, the appellee was a child of about seven and a half years old; that on said day he attended school at said Lincoln school; that the residence of his father is south of said schoolhouse and south of Henry street; that at the time he was crossing said crossing and on said public street he caught his left foot between the plank on said crossing and the north rail thereof in such a manner that he could not extricate the same therefrom, and before he could remove his foot the railroad company, without notice or warning of any kind, kicked or shunted a car, by bumping or kicking the same with one of its engines, from its southerly main track onto the track on which plaintiff was fastened and held as aforesaid; that no whistle was blown or bell rung to warn this plaintiff of the sudden approach of said car; that he was held fast in said space as aforesaid by reason of the negligence and carelessness of the defendant as aforesaid, and was struck by said car and thrown down and his left limb crushed and mangled in such a manner that his foot was severed therefrom at a point between the ankle and the knee; that said cross-walk had been in said condition for three

months prior to said injury, and defendant should have known of the condition thereof, and had ample opportunity and time to repair any defects therein; that plaintiff was not familiar with said crossing and all the surroundings; that he did not know the condition of said cross-walk and could not realize its dangers and its liability to catch and hold his foot until it actually did so; that he exercised all the care and caution that a person of his age and experience would exercise under similar circumstances and conditions; that he will through life be unable to care for himself, etc., all to his damage, etc.

Plaintiff's amended complaint in this action is based upon the theory that the city of Hammond, Indiana, and the Chicago Terminal Transfer Railroad Company jointly constructed and maintained the crossing in question, and had both negligently and carelessly permitted the same to become and remain out of repair; that the defendants knew of said condition and the dangers arising therefrom, and had negligently and carelessly failed to repair the same, because of which the plaintiff's injury was sustained.

Prior to the determination of the issues, the Chicago Terminal Transfer Railroad Company became insolvent, and went into the hands of receivers. The appellee dismissed said action against said railroad company, and recovered solely against the appellant city.

We think appellee's amended complaint was sufficient to withstand the demurrer for want of facts, and that the court did not err in overruling the same.

Did the court err in overruling appellant's motion for judgment on the answers of the jury to the ninety-eight interrogatories, notwithstanding the general verdict?

The jury, answering said interrogatories, found the following material facts: That appellee received his injuries at the intersection of Henry street with the tracks of the Chicago Terminal Transfer Railroad Company in the city of

Hammond, Indiana; that said city did not construct or undertake to maintain said crossing, but that said crossing was constructed and maintained "ever since road was built" by said railroad company; that said city had not instructed or authorized as to the manner of constructing same; nor had it notified said railroad company, in writing, thirty days or more prior to the accident, to change said crossing; nor is there evidence said city had ordered the railroad company to do so, by an ordinance; and that appellee could have seen the condition of said planked crossing had he looked before attempting to cross said tracks.

"The general verdict necessarily covers the whole issue, and solves every material question against the party against whom the verdict is rendered. The motion for judg-

2. ment on the answers to the interrogatories, notwithstanding the general verdict, should be refused, unless the antagonism between the verdict and the answers to interrogatories is such, on the face of the record, as to be beyond the possibility of being removed by any evidence legitimately admissible under the issue." *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144, 148, 66 N. E. 615. See, also, *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 64 N. E. 92; *Wright* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 583, 66 N. E. 454; *Louthain* v. *Miller* (1882), 85 Ind. 161.

"The general verdict necessarily determines all material issues in favor of appellee, and, unless the answers of the jury to the interrogatories are in irreconcilable conflict with the general verdict, * * * If such irreconcilable conflict exists, then the court erred in overruling said motion." *Consolidated Stone Co.* v. *Summitt* (1899), 152 Ind. 297, 300, 53 N. E. 235. See, also, *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033.

"In determining this question, we may look only to the complaint, answer, the general verdict, the interrogatories and the answers thereto." *Inland Steel Co.* v. *Smith, supra.*

See, also, *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 25 N. E. 156; *Grass* v. *Fort Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395–400, 81 N. E. 514; *City of Jeffersonville* v. *Gray* (1905), 165 Ind. 26, 27, 74 N. E. 611.

The answers to the interrogatories show that they are not in irreconcilable conflict with the general verdict, and the court did not err in refusing to render judgment in favor of appellant on the answers to the interrogatories notwithstanding the general verdict.

Appellant's motion for a new trial assigns as separate grounds, (1) the verdict of the jury was not sustained by sufficient evidence, (2) the verdict of the jury is contrary to law, and (3) permitting the introduction of certain evidence.

Appellant insists that the evidence does not sustain the verdict. The evidence shows that appellee was seven and a half years old; that he attended the Lincoln school in the city of Hammond, Indiana; that on the afternoon of May 15, 1905, he left said school building, and started south towards the commons with other boys; when he reached the intersection of Henry street and the tracks of the Chicago Terminal Transfer Railroad Company, he stopped to play "tag"; a train was some thirty feet away; two tracks were at this intersection, extending eastwardly and westwardly, crossing Henry street, which was one of the public streets of appellant.

Five years prior to this date the railroad company constructed said crossing, placing on the inner side of each rail a thick plank some three inches from the rail; that said planks had become considerably worn and decayed, causing said crossing to be in a defective condition; that Jacob Schroeter was a member of the common council of the city of Hammond, and had been for a year prior to the date of the injury, and had knowledge of the defective condition of the crossing in question over which he passed

several times a day, and that appellant's street commissioner, John F. Kuhlman, who was in charge of the repairs of the streets in the city of Hammond, knew the condition of the crossing in question for some years prior to the injury of appellee. The defective condition existed for over ten months prior to the time of the injury, and that the councilman and street commissioner had actual knowledge thereof during said time. This was actual notice of the defective and dangerous condition of said crossing.

Before appellee crossed the south rail of the north track, his companion called his attention to an approaching train, which the railroad company had kicked or shunted with an engine; that instead of continuing south off said track, he jumped toward the north side, and in so doing his left foot entered the space between the plank and the rail on the south side of the north rail of the north track. He was unable to extricate his foot therefrom. It became fast and before he could remove his foot, the approaching train of cars crushed it, severing it between the ankle and the knee.

"In cases like the one at bar, constructive notice is held to be imputable to a municipal corporation, where such corporation, by the exercise of ordinary diligence, could
6. have discovered the defect in a public street in time to make the necessary repairs before the injury happened, and such notice may be inferred by a jury or court trying the cause from the circumstances in the case." *City of Valparaiso* v. *Chester* (1911), 176 Ind. 636, 96 N. E. 765-768.

The jury found by its general verdict that the appellant had knowledge of the defective condition of said crossing. Every presumption in this court is indulged in favor of the general verdict, which overrides special findings, in the absence of irreconcilable conflicts.

A search of the record discloses some evidence to sustain the verdict, and support the allegations of the complaint. It

is the function of the jury to determine the credibility

7. of the witnesses and weigh the evidence. Where the jury returns a general verdict, it does not become this court to reverse the finding upon the mere weight of the evidence, unless some gross error has been committed.

The general verdict, therefore, necessarily found either that appellant had actual knowledge of such defect, or, by the exercise of ordinary care and diligence, it could

8. have discovered said defect long enough before the injury of appellee to have repaired the same. *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 308, 90 N. E. 307.

Notice to a street commissioner, or to a member of the common council of a city, of the defective condition of a sidewalk is notice to the city. *City of Lafayette* v.

5. *Larson* (1881), 73 Ind. 367. See, also, *City of Logansport* v. *Justice* (1881), 74 Ind. 378, 379, 39 Am. Rep. 79; *City of Columbus* v. *Strassner* (1890), 124 Ind. 482–489, 25 N. E. 65.

Was the verdict contrary to law? It is settled law that every municipality in Indiana, except as otherwise provided by law, shall have exclusive power over their

9. streets, alleys, crossings and public places. §8961 Burns 1908, Acts 1905 p. 219.

The general railroad act of this State (§5195 Burns 1908, §3903 R. S. 1881) grants a railroad company the right, "To construct its road upon or across any  *  *  *

10. highway  *  *  *  so as not to interfere with the free use of the same, which the route of its road shall intersect, in such a manner so as to afford security for life and property; but the corporation shall restore the  *  *  * highway thus intersected, to its former state, or in a sufficient manner not to unnecessarily impair its usefulness."

Under this section this court has held that a railroad company is required to make safe and convenient crossing at the intersection of all streets and highways, whether the same

were established and opened before or after the construction of the railroad. *Vandalia R. Co.* v. *State, ex rel.* (1906), 166 Ind. 219-223, 76 N. E. 980, 117 Am. St. 370; *Lake Erie, etc., R. Co.* v. *Cluggish* (1896), 143 Ind. 347-351, 42 N. E. 743; *Evansville, etc., R. Co.* v. *State, ex rel.* (1898), 149 Ind. 276-278, 49 N. E. 2; *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36-41, 71 N. E. 151.

Section 5250 Burns 1908, Acts 1895 p. 233, provides "that it shall be the duty of each railroad company whose road or tracks cross, or shall hereafter cross, any street, avenue or alley in any incorporated town or city in the State of Indiana; which said street, avenue or alley has been, or shall hereafter be, by addition, plat or otherwise, dedicated to the public use, to properly grade and plank or gravel its said road and tracks at its intersection with and crossing of said street, avenue or alley in accordance with the grade of said street or avenue, in such a manner as to afford security for life and property at said intersection and crossing."

This court has repeatedly held that railroad companies are required to keep highways and street crossings in a safe condition for use. *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 158 Ind. 189, 63 N. E. 224; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 64 N. E. 860; *Baltimore, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 510, 65 N. E 508; *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512, 69 N. E. 253; *Vandalia R. Co.* v. *State, ex rel.* (1906), 166 Ind. 219, 76 N. E. 980.

"In granting a franchise to use its streets, alleys or public places, the city exercises its delegated legislative powers, and for that purpose could not by contract barter away its future legislative control over such highways and places. It is the plain and continuing duty of a city to prevent the unnecessary obstruction of its streets, and to see that the same are kept in good order and safe for use by the public." *Vandalia R. Co.* v. *State, ex rel., supra.*

The power is given to a municipal corporation to mandate

a railroad company to keep in repair and free from all defects its crossings within the city limits, whether said intersections are constructed before or after its incorporation. A municipal corporation is given full power and control over its streets and crossings, and on the failure to exercise this power to compel a railroad company to repair any defective crossing, and an injury results therefrom, the city is liable in damages for such injuries.

12. The city cannot avoid this liability upon the ground that some cause concurred with the defective condition of the highway in producing the injury. *City of Crawfordsville* v. *Smith* (1881), 79 Ind. 308, 49 Am. Rep. 612; *Vandalia R. Co.* v. *State, ex rel., supra; Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 158 Ind. 189, 63 N. E. 224; *Town of Fowler* v. *Linquist* (1894), 138 Ind. 566, 37 N. E. 133; *City of Mount Vernon* v. *Hoehn* (1899), 22 Ind. App. 282–284, 53 N. E. 654.

The existence of concurrent causes does not relieve the appellant from liability, although one of the causes was the act of a third person. The fact that another cause operated in connection with the negligence of a municipal corporation, and brought about the injury of appellee, such negligence is the proximate cause of the injury. It was the duty of appellant city to compel the railroad company to repair said crossing. Its failure so to do was the negligence which caused the injury.

Where there is an intervening event and a defective crossing, they form concurrent causes, both being present and acting at the same time to produce the injury. The negligence of the city is responsible for one of them, yet the city cannot avoid liability because it was not responsible for the other.

If a city, by its negligence, puts in motion a cause which continued to the end, and without which the injury would not have occurred, although a third person may have contributed to the final result, yet the city's negligence must be held to be the proximate cause of the injury.

*Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 59 N. E. 347, 84 Am. St. 292; *Town of Fowler* v. *Linquist, supra; Town of Knightstown* v. *Musgrove* (1888), 116 Ind. 121, 18 N. E. 452, 9 Am. St. 827; *City of Elwood* v. *Laughlin* (1902), 29 Ind. App 667, 65 N. E. 18.

The liability of a municipal corporation cannot be evaded because of the statutory duty of a railroad company to keep its crossings in safe condition for travel. The duty of a city to exercise reasonable care to keep its streets in proper condition, or compel a railroad company to do so, is a primary duty, and cannot be delegated or avoided by any act of the city. The statute only gives the city power to compel a railroad company to repair its crossings without expense to the municipality, and the failure to exercise this power imposes the liability for any injuries arising therefrom upon the city. *City of Indianapolis* v. *Marold* (1900), 25 Ind. App. 428, 58 N. E. 512; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597-600, 67 N. E. 443, 66 L. R. A. 119; *City of Logansport* v. *Dick* (1880), 70 Ind. 65-80, 36 Am. Rep. 166.

Appellant complains of the admission of evidence of repairs subsequent to the injury. Had the city made said repairs the evidence would not have been proper. This was not admissible to prove negligence on the part of the city; that question was to be determined by what was known before and at the time of the injury. But an examination of the record upon this point shows that a witness, Charles Winkley, who was in the employ of the receiver of the Chicago Terminal Transfer Railroad Company, as foreman of section yards testified that some time in the fall of 1905, after the injury, he and his section hands repaired the crossing.

This was not evidence of repairs made by the appellant subsequent to the injury, and was immaterial and the admission thereof was erroneous, but harmless.

It is insisted that the court erred in refusing to permit

City of Hammond *v.* Jahnke—178 Ind. 177.

witness, John F. Kuhlman, to testify who constructed said crossing prior to the injury. This was not error, for it was the duty of the city to maintain said crossing in a safe condition for the use of the public, or it was the duty of the city to require the railroad company to keep the same in proper condition, and it was immaterial who originally constructed the crossing.

Appellant contends that the court erred in overruling its motion for a new trial because of certain newly-discovered evidence. An examination of the affidavits filed in support of the motion for a new trial, which set out the newly-discovered evidence, clearly discloses that such evidence is merely cumulative.

When newly-discovered evidence is merely cumulative, a new trial will not be granted therefor. *Rinkard* v. *State* (1901), 157 Ind. 534, 63 N. E. 14, and cases cited.

A new trial should not be granted on account of newly-discovered evidence, unless such evidence would probably produce a different result at another trial. *Jackson* v. *Swope* (1893), 134 Ind. 111, 33 N. E. 909, and cases cited.

The court did not err in its ruling on said motion, because of the alleged newly-discovered evidence.

It follows from the foregoing that there appears no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 99 N. E. 39. See, also, under (1) 28 Cyc. 1465; (2) 38 Cyc. 1926; (3) 38 Cyc. 1930; (4) 28 Cyc. 1525; (5) 28 Cyc. 1397; (6) 28 Cyc. 1388; (7) 3 Cyc. 348; (8) 28 Cyc. 1524; (9) 28 Cyc. 848; (10) 33 Cyc. 270; (11) 28 Cyc. 1354; (12) 28 Cyc. 1353; (13) 28 Cyc. 1411; (14) 28 Cyc. 1532; (15) 28 Cyc. 1479; (16) 29 Cyc. 911; (17) 29 Cyc. 901. As to what constitutes notice to a municipality of defects existing in a street, see 103 Am. St. 281. For notice of claim and cause of injury as condition of municipal liability for defect in highway, generally, see 20 L. R. A. (N. S.) 757. As to validity of requirement of notice of injury as condition of municipal liability, see 36 L. R. A. (N. S.) 1136.