## McKEE v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

[No. 27,913. Filed November 30, 1943.]

11

*B. C. Craig,* of Brazil, and *John M. Fitzgerald* and *Beasley, O'Brien, Lewis & Beasley,* all of Terre Haute, for appellant.

*Barnes, Hickam, Pantzer & Boyd* and *Thomas M. Scanlon,* all of Indianapolis, *(Rawley & Stewart,* of Brazil, of counsel), for appellee.

SHAKE, J.—The appellant was the unsuccessful plaintiff in a suit to recover disability benefits under a policy of life insurance issued by the appellee. The only assigned error is on the overruling of the appellant's motion for a new trial, which asserted that the decision was not sustained by sufficient evidence; that the decision was contrary to law; and that 321 errors were committed in the admission and exclusion of evidence.

Since the judgment was for the appellee, the assignment that the decision was not sustained by sufficient evidence was inappropriate. A negative verdict or decision may not be attacked upon the ground that there is lack of evidence to support it. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905.

The motion for a new trial did not disclose the nature of the objections to the admission of the testimony and exhibits about which complaint is made. This court is now thoroughly committed to the view that no question as to the admissibility of evidence is presented for review, if the motion for a new trial fails to state the grounds of objection to the evidence. See *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. (2d) 122, and cases there cited.

The appellant contends that the decision is contrary to law because the uncontradicted evidence affirmatively discloses that he was totally disabled within the meaning of the policy sued on. The appellee insists, on the other hand, that this is of no avail, because the evidence relied upon by the appellant was oral and the burden of proof was on him; and that the evidence was conflicting.

In *Cleveland, etc., R. Co.* v. *Starks* (1914), 58 Ind. App. 341, 106 N. E. 646, it was said:

"The jury is the judge not only of the weight of the evidence, but also of the credibility of the witnesses. As the former rests upon the latter, in so far as it concerns oral testimony, it follows that the evidence cannot be intelligently weighed unless the credibility of the witnesses has first been determined. In fact, the evidence in a case, aside from the written or documentary, is gathered only from the credible oral testimony. When a material fact is supported only by the uncorroborated testimony of a single witness, there is no reason why the jury should not subject the credibility of such witness to proper tests, even though his testimony is not contradicted by that of any other witness. If, as a result of such tests, honestly and fairly applied, the jurors are unable to believe the testimony of such witness, it is not only within their power, but also it is their duty, to reject it. . . . We would not be understood as holding that a jury under any circumstances has a right arbitrarily to reject the testimony of the witnesses."

The same conclusion was reached in *Wm. P. Jungclaus Co.* v. *Ratti* (1917), 67 Ind. App. 84, 118 N. E. 966, where the following language may be found:

"Though it be granted that the evidence offered by appellant as to the cause of such delays was undisputed, the trial court had a right to take into consideration all of the other evidence in the case,

including circumstances and surroundings, that might in any way affect the weight or credibility of such evidence. . . . While appellant introduced witnesses who testified in effect that appellees and contractors employed by them caused delays in the completion of said work, the total of which equaled, or more than equaled, the entire delay in such completion, and while these witnesses were not expressly contradicted by other witnesses, their evidence or any part thereof, like any other oral evidence, might have been disregarded by the trial court if the court considered it unreasonable or inconsistent with facts and circumstances shown by the other evidence in the case."

To like effect is *National City Bank* v. *Kirk* (1926), 85 Ind. App. 120, 134 N. E. 772, from which we quote:

"Appellant endeavored to discharge this burden by the testimony of its president, but may have failed, as indicated by the verdict in favor of appellee. If the jury so concluded, we cannot say it erred in that regard, although the testimony of appellant's president was not directly contradicted by any witness, as his credibility was a matter for the determination of the jury in the light of all the facts and surrounding circumstances. In so holding, we are following the general rule, often repeated and applied in similar cases, to the effect that, where a party has the burden of proving a fact in a trial before a jury, and undertakes to do so by the testimony of witnesses, the court ordinarily cannot say, as a matter of law, that such fact has been established. A reason frequently given for the existence of such rule is that the attending circumstances and conduct of the witnesses may be such as to warrant the jury in disbelieving them. The interest of such witnesses in the result of the suit is generally recognized as being such a circumstance, and where such interest is shown, the general rule has been held to be applicable."

Other cases where this subject was considered are: *Peoples State Bank* v. *Kelly, Rec.* (1922), 78 Ind. App.

418, 136 N. E. 30; *Cotner* v. *State* (1909), 173 Ind. 168, 89 N. E. 847; *Equitable Life Assurance Society* v. *Campbell* (1926), 85 Ind. App. 450, 150 N. E. 31, 151 N. E. 682; and *Talge Mahogany Co.* v. *Burrows* (1921), 191 Ind. 167, 130 N. E. 865.

It appears from the above cases that the credibility of witnesses, and the weight to be given to oral testimony is ordinarily to be determined by the trier of the facts. Among the factors that may be considered in determining the credit to be given to the testimony of a witness are: The interest of the witness, if any, in the outcome of the trial; his bias and prejudice, if any is shown; his opportunity for knowing and recollecting the facts about which he testified; the probability or improbability of his testimony; and his demeanor while on the witness stand. *Lynch* v. *Bates* (1894), 139 Ind. 206, 38 N. E. 806; *Fox* v. *Barekman* (1912), 178 Ind. 572, 99 N. E. 989.

The record before us discloses many facts and circumstances that the trial judge may have deemed sufficient to warrant a disbelief of the appellant's testimony. The appellant had a direct interest in the result of the suit. He claimed that he was totally disabled from following his usual occupation, which was that of a foundryman. All his symptoms were subjective. There was evidence that he engaged extensively in other enterprises. He took long and frequent trips by automobile, sometimes driving. His personal records, which might have thrown light upon the nature and extent of his activities during the period of his alleged disability, were destroyed within a few days of the trial, at his direction.

For us to say that there was no conflict in the evidence, or that it was sufficient to sustain a recovery

for the appellant, would amount to an invasion of the province of the judge who tried this case, and who concluded otherwise.

The judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 474.