LARSON ET AL. *v.* TOWN OF WYNNEDALE ET AL.

[No. 19,493.  Filed January 18, 1962.  Rehearing denied February 27, 1962.  Transfer denied May 14, 1962.]

*Charles B. Feibleman, Gene E. Wilkins,* and *Bamberger & Feibleman,* of counsel, of Indianapolis, for appellants.

*Robert E. Coates, Harold H. Bredell, Lawrence McTurnan, Coates, Hatfield & Calkins,* and *Bredell, Cooper & Martin,* both of counsel, all of Indianapolis, for appellees.

COOPER, J.—This is an appeal from an action brought by the appellants in the Marion Circuit Court seeking an injunction against the appellees herein. The record reveals that after the issues were closed, trial was before the court without a jury. After submission, the trial court found against the appellants, and rendered the following judgment:

> "The Court having had this Cause under advisement, and being duly advised, finds for the Defendants upon the pleadings and the evidence, that Plaintiffs take Nothing by their Complaint. Injunction is denied. Costs are taxed against the Plaintiffs."

Thereafter within the proper time appellants filed their motion for new trial charging, in substance, that the decision is not sustained by sufficient evi-

dence and also is contrary to law. The trial court overruled the motion for a new trial and this appeal followed.

The assigned error before this court, omitting the caption, formal parts and signatures, is as follows:

"(1) The Court erred in overruling Appellants' Motion for a New Trial.

"(2) The Court erred in overruling Appellants' Demurrer to Paragraph II of Appellees' Answer.

"(3) The Court erred in overruling Appellants' Demurrer to Paragraph III of Appellees' Answer."

First we will discuss specifications #2 and #3 of the assigned error. These items present nothing for our consideration for the appellants' failure to comply with Rule 2-17(d) of our Supreme Court in that the record reveals the memorandum of the appellants in support of their demurrer, comprising nine pages of the record, is not included, or contained in the appellants' brief and are, therefore, waived. Because of the omission of said memorandum, we cannot determine the basis of the demurrer without searching the record.

It is the general rule of law that the appellants' brief must be prepared so that all questions can be determined by the reviewing court from an examination of the briefs without having to examine or search the record (see *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166) and an appellant who complains of the rulings upon a demurrer, waives any error by a failure to set forth said demurrer, including the memorandum in support thereof. See *Kelley* v. *Rihm* (1952), 122 Ind. App. 524, 105 N. E. 2d 181.

We next come to the assigned error of the overruling of the appellants' motion for a new trial con-

taining two specifications. As we have heretofore pointed out, the first specification being, "The decision of the trial court is not sustained by sufficient evidence", does not present any question for our consideration, as it was a decision against the appellant, who had the burden of proof; however, the rule is that a negative decision may be attacked as being contrary to law. See *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; see also *Hinds, Executor Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, at 41, 129 N. E. 2d 553.

We find in the case of *Hinds, Executor Etc.* v. *McNair, et al., supra,* in discussing said general rule, Judge Arterburn stated:

"We have repeatedly held that such assignment of error presents no question for review where the verdict is negative. *Capes* v. *Barger* (1953), 123 Ind. App. 212, 109 N. E. 2d 725; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474. However, a negative verdict may be attacked under the second specification, namely, the verdict of the jury is contrary to law. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.

" 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.'

"*Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669."

It appears that the appellants brought this action seeking an injunction against the Town of Wynnedale and members of its Town Board.

The record also reveals that the Town of Wynnedale is an incorporated town within Marion County, State of Indiana, and that the members of the Town Board, at a regularly called meeting, passed a resolution vacating a portion of Knollton Road, a public highway passing through said corporate limits; said resolution vacated a certain portion of said highway within the town limits, and thereafter, constructed a barrier the entire width of said vacated portion of said highway. The appellants are not residents of said town, but own real estate adjacent to said town.

The ultimate and final question now before us is whether the Town Board of Wynnedale had the authority and jurisdiction to vacate said portion of said Knollton Road, a public highway, within the town limits.

It is the appellants' contention that the acts of the Town Board of the Town of Wynnedale, in vacating and obstructing a strip across the width of said Knollton Road, being a public highway running through said Town, and erecting a barricade thereon, was unlawful because the Town of Wynnedale or the Town Board had no jurisdiction or authority to obstruct a county highway dedicated, opened and used by the public for many years both prior and subsequent to the incorporation of said town.

It has long been the general rule of law that the primary control of public streets in a city or town in Indiana is vested in the state and any such powers or control over the same as municipalities may have are only such as have been delegated to them by the legislature. See *Farmers' etc.*,

*Tel. Co.* v. *Boswell Tel. Co.* (1918), 187 Ind. 371, 119 N. E. 513; *Grand Trunk, etc., R. Co.* v. *City of South Bend* (1910), 174 Ind. 203, 89 N. E. 885, 36 L. R. A. (N. S.) 850; *City of Vincennes* v. *Vincennes Traction Co.* (1918), 187 Ind. 498, 120 N. E. 27; *State ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 85 N. E. 513.

In reviewing the statutes relating to the pertinent powers of the town board, we find the law which was in force and effect at the time of the vacating of the said highway is found in §48-301, Ninth Clause, Burns', 1950 Repl., Part 1, and provides as follows:

> "Ninth. To lay out, open, change, pave and otherwise improve the streets, alleys, sewers, sidewalks and crossings of the town, and keep them in repair; and also to change or *vacate such streets* or alleys, and to regulate the use of streets and alleys by vehicles, and to designate the kind of vehicles that may not be used on certain named streets that have been improved." (Our emphasis)

Under the foregoing section and other sections of the Cities and Towns Act of 1905, both the Supreme Court and our court have generally held that municipalities have complete jurisdiction over all streets and public ways within their respective limits. See *Town of Argos* v. *Harley* (1943), (T. D. 1944), 114 Ind. App. 290, 297, 49 N. E. 2d 552; *City of Bloomington* v. *Chicago, etc., R. Co.* (1912), (T. D. 1913), 52 Ind. App. 510, 98 N. E. 188; *City of Hammond* v. *Jahnke* (1912), 178 Ind. 177, 99 N. E. 39.

Also, under the foregoing statute, the legislature has vested absolute discretion as to the vacation of streets or alleys in the Town Board.

It is apparent that by the foregoing statute, every city and town in Indiana is given exclusive power as the statute hereinabove has enumerated, except when otherwise provided for by law.

In regulating streets and in vacating them, cities or towns exercise legislative sovereignty. Thus, the control of streets involves a discretionary power which is continuous and never exhausted.

In conclusion, it is important to note in this appeal there is absolutely no claim by the appellants of any defect in the proceedings of the Board of Town Trustees. The sole contention raised by the appellants was that said Knollton Road was a valid county highway at the time the vacation proceedings took place and said proceedings were unlawful because said Board of Trustees of said Town had no jurisdiction or authority to vacate said road, highway or street.

We cannot agree with the appellants' foregoing contention, "that the vacated portion of the Knollton Road involved in this case was a valid county highway at the time the vacation proceedings were taken by the Town of Wynnedale in 1954".

Our court in the case of *Michigan Cent. R. Co.* v. *City of Michigan City* (1930), (T. D. 1932), 94 Ind. App. 481, 490, 169 N. E. 873, stated:

> "Highways established by use become streets of of a city or town when they are annexed thereto. *Brown* v. *Hines* (1896), 16 Ind. App. 1, 44 N. E. 655." See also §1661, C. J. S., p. 64.

From what we have heretofore stated, we are of the opinion that the trial court did not err in overruling the appellants' motion for a new trial, and that the judgment is in accordance with the law applicable to the facts.

The judgment of the Marion Circuit Court is therefore, in all things, affirmed.

Ax, J., Myers, J., Ryan, C. J., concur.

### On Petition for Rehearing

Cooper, J.—The appellees, on Petition for Rehearing, first contend, in substance, that we erred in our opinion by holding that the Town Board of Wynnedale had the authority and jurisdiction to vacate a ten-foot wide strip across the entire Knollton Road within the town boundaries at its north edge as ¶9, §48-301, Burns', 1950 Repl. deals only with the power of the Board of Trustees to vacate *streets of a town* and it does not give the Board of Trustees any jurisdiction to vacate or obstruct any portion of a county highway which runs through a town.

It is the appellants' contention that the portion of the Knollton Road which lies within the Town of Wynnedale is not a street of the town as that term is used in Burns', §48-301, *supra*.

The appellants cite no authority to support their first contention. The appellants' argument proceeds on the theory that as said Knollton Road is characterized as a county road outside the boundaries of the Town of Wynnedale, it retains the character of a county road within said Town.

The fallacy of the appellants' argument is that it necessarily presumes that a county road never loses it character as such even when annexed by, or incorporated into a town or municipality. If this were true, then you would have a jurisdictional conflict of authority between cities, towns and counties.

The conflict of jurisdiction contemplated by appellants' theory would be intolerable because you would have many instances where there would be dual controls over many of the old county or township highways which are now main thoroughfares through cities and towns.

We find the general rule set forth in Vol. 64, C. J. S., §1661, p. 32, which states:

> "As a general rule, a highway, on its inclusion by incorporation or annexation within the boundaries of a municipality, ipso facto becomes a street."

Indiana follows this general rule. See *Michigan Cent. R. Co.* v. *City of Michigan City* (1930), (T. D. 1932), 94 Ind. App. 481, 490, 169 N. E. 873; *Brown* v. *Hines* (1896), 16 Ind. App. 1, 44 N. E. 655. The only exception to this jurisdictional rule is found in the Indiana State Highway Act and applies to Federal and State Highways only.

The appellants' second contention is that this court in our opinion contravened the ruling precedent of the Supreme Court as set out in *Debolt* v. *Carter* (1869), 31 Ind. 355, and the case of *City of Gary* v. *Much* (1913), 180 Ind. 26, 101 N. E. 4.

The Debolt case, *supra,* clearly is not applicable for the reason that this case was decided prior to the revision and repeal of laws relating to cities and towns by the Acts of 1905.

The second authority cited by the appellants sustains the position we took in the original opinion. On p. 29, in the City of Gary case, *supra,* the Supreme Court stated:

> "Neither can it be doubted, that when this action was commenced except in certain instances not necessary to consider here, *the exclusive power to vacate existing highways, located wholly within a town or city, was vested in such corporation."* (Our emphasis)

It is also the law that we cannot question the wisdom of such vacation but only whether or not the appellees had the legal authority to do so.

Our Supreme Court, in the case of *Neff* v. *City of Indianapolis* (1935), 209 Ind. 203, at 211, 198 N. E. 328, stated:

"It was said by this court in *Spiegel et al.* v. *Gansberg et al.* (1873), 44 Ind. 418, that courts have nothing to do with the expediency or inexpediency of vacating streets or alleys, and that the only question which courts will consider is whether the power vested in the city has been exercised according to law. See, also, *Indiana Railway Co.* v. *Calvert et al.* (1907), 168 Ind. 321, 80 N. E. 961."

By reason of what we have heretofore stated, the appellants have failed to call to our attention any valid reason for us to grant a Petition for Rehearing.

Petition for Rehearing denied.

Ax, J., Myers, J., Ryan, C. J., concur.

NOTE.—Reported in 179 N. E. 2d 578. Rehearing denied 180 N. E. 2d 386.